**Robert Lee TERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45018.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Rehearing Denied July 19, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, life.

The record reflects that two men robbed Nat Johnson after he left a Dallas County cafe. Two witnesses identified the appellant as one of the men who followed the victim out of the cafe and robbed him. Violen Elmo, Jr.,[1] appellant's co-defendant,

---

1. Elmo's conviction was affirmed in Elmo v. State, Tex.Cr.App., 476 S.W.2d 296.

testified that he committed the robbery and that the appellant was not present.

 Appellant's ground of error number one is that the State, in violation of the Court's earlier ruling granting his motion in limine, asked certain questions which "obviously inferred a prior offense by appellant." In his brief appellant cites two places in the record where he contends the prosecutor alluded to an extraneous offense while cross-examining defense witness. They are:

"PROSECUTOR: Do you remember encountering a man earlier in the evening by the name of Mr. George, do you recall that?

"VIOLEN ELMO: No, sir.

"PROSECUTOR: How about a fella about two weeks earlier named Slim, you and Robert Terry?

"VIOLEN ELMO: No.

"MR. WHITLEY (Attorney for appellant): Your Honor, I object to that. This is inferring something that is no way relevant to this case and I would object to it.

"THE COURT: All right. Sustained.

"MR. WHITLEY: I'll ask that the jury be instructed to disregard.

"THE COURT: The jury is to disregard it, not to consider it for any purpose."

* * * * * *

"PROSECUTOR: Do you know a man named Slim?

"APPELLANT: No, sir.

"PROSECUTOR: You've never heard of him?

"APPELLANT: No, sir.

"MR. WHITLEY: Your Honor, we'll have the same objection to this line of questioning. It has no relevance to this case and no proper predicate, irrelevant.

"THE COURT: Sustained."

Appellant does not suggest how the above constituted a violation of the court's order or in what manner an extraneous offense is implied. We further note that in each instance the court instructed the jury to disregard the remarks. An instruction to disregard will cure error except in extreme cases where it appears that the question or evidence is clearly calculated to inflame or prejudice the minds of the jury and is of such a character that the impression it creates cannot be withdrawn from the jury. Guerra v. State, Tex.Cr. App., 478 S.W.2d 483; Mays v. State, Tex. Cr.App., 434 S.W.2d 140. No error is reflected.

 Appellant's ground of error number two relates to his objection to the court's charge. The objection was:

"The defendant objects and excepts to the Court's failure to the charge on the law of accomplice testimony."

Appellant contends that although the witness Violen Elmo, Jr. was called by the defense he was entitled to a charge on accomplice testimony under Article 38.14, Vernon's Ann.C.C.P., since the State relied on his testimony. Elmo testified fully in appellant's behalf. A charge of the nature he suggests would have restricted and limited his own defensive testimony. The requested charge was properly overruled.

 Appellant's ground of error three is that the prosecutor erred when he, in his argument, told the jury that the witness Alice May Brown was "taking her life in her hands" when she testified at the trial. The court promptly sustained the appellant's objection and instructed the jury to disregard the remarks. The argument was not shown to be made in bad faith. The instruction was sufficient to remove any possible error. No error is shown.

Finding no reversible error, the judgment is affirmed.