**Edgar Allen MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46525.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, James A. Moseley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of murder. Trial was before the court upon a plea of guilty. The punishment was assessed at fifteen years.

Appellant's sole contention on appeal is that the trial court failed to properly admonish him according to the provisions of Article 26.13, Vernon's Ann.C.C.P., which provides:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

He contends that "the trial court failed to determine whether any persuasion or delusive hope of pardon prompted the defendant to confess his guilt." The appellant does not now claim that he entered the plea of guilty because of some fear or that the plea was not voluntarily made.

Appellant had a complete psychiatric examination by a physician of his own choice. Before the court accepted the plea, he properly admonished the appellant of the range of punishment. A part of the proceedings is as follows:

"THE COURT: How do you plead?

"DEFENDANT: Guilty.

"THE COURT: Are you pleading guilty because you are guilty and for no other reason?

"DEFENDANT: Yes, sir.

"THE COURT: Has anyone threatened you to force you to plead guilty?

"DEFENDANT: No, sir.

"THE COURT: Anyone promised you anything to induce you to plead guilty?

"DEFENDANT: No, sir.

"THE COURT: Have you had an opportunity to counsel with your attorney concerning the effect and result of your entering a plea of guilty?

"DEFENDANT: Yes, sir."

The court then accepted the plea of guilty.

The judgment recites ". . . it plainly appearing to the court that defendant was sane, that he was uninfluenced by any consideration of fear, persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the court. . . ."

In Kane v. State, Tex.Cr.App., 481 S. W.2d 808, the conviction was affirmed where the voluntariness of the plea was determined by the trial judge when he asked the defendant "has anyone promised that you would get out lightly or get a pardon from the Governor of the State in an effort to induce you to plead guilty?" And the defendant responded: "No." There this Court stated that the exact language of the statute should be followed but that no reversible error was shown. In Valdez v. State, Tex.Cr.App., 479 S.W.2d 927, in complying with the admonishment part of Article 26.13, supra, to the range of penalty for robbery by assault, the court admonished Valdez that the punishment could be for ". . . any term in the penitentiary not less than five years . . ." and omitted life as a possible punishment. There the Court held the omission in the admonishment could not have misled the defendant to his detriment. The Court, as in Kane, recommended that the precise wording of the statute be followed but held that the precise language is not required.

In Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569, relied upon by appellant, the conviction was set aside because the mandatory provision of Article 26.13, supra, was not followed. There the court in its admonishment did not inform Battenfield of the possible penalty for burglary. The Court also noted that the court did not adequately determine the guilty plea to burglary was "uninfluenced by any consideration of fear or by any persuasion or delusive hope of pardon . . . ."

In Ex parte Chavez, Tex.Cr.App., 482 S.W.2d 175, the conviction was set aside be-

cause the record failed to reflect that the trial court made a determination of whether any persuasion or delusive hope of pardon prompted petitioner to confess his guilt before accepting the plea of guilty. There, no question was asked by the court concerning threats or promises. There was nothing in the record to show the plea was voluntarily entered.

The record in the present case shows that it appeared to the court that the appellant did not enter the plea because of fear, persuasion or threats. The appellant had retained counsel. After his plea, four months elapsed before the sentence was pronounced. New retained counsel was obtained in the meantime. No issue was made at the time the plea was entered or at the time the appellant was sentenced that he did not voluntarily enter his plea. In fact, the matter was not timely briefed in the trial court.

Again, trial courts should see that the records reflect that the court ascertained that the plea was voluntarily made according to the terms of the statute, Article 26.-13, supra, and that the court should explain the provisions of such statute.

However, it appears that in the present case the court was in a better position to determine that appellant was not pleading guilty because of "some delusive hope of pardon" by ascertaining that he had not been promised anything or had not been threatened. More defendants would understand the question asked than one framed in the words of the statute.

Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, requires that the record reflect that the plea was voluntarily made. This was done in the present case. Also, that the courts could very well follow the American Bar Association project on Minimum Standards for Criminal Justice, the Standards Relating to Pleas of Guilty, Section 14, approved draft, 1968. See Espinosa v. State, Tex.Cr.App., 493 S. W.2d 172 (this day decided), and Stinson

v. Turner, 473 F.2d 913 (Ct. of Appeals, 10th Cir. 1973).

No reversible error being shown, the judgment is affirmed.

ROBERTS, Judge (dissenting).

I must again dissent on this question, and reiterate my feelings as expressed in the dissenting opinion in Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172, decided today also. The instant case represents an even clearer violation of Article 26.13, V.A.C.C. P.

I would reverse the judgment and remand the cause.

I respectfully dissent.

ONION, P. J., joins in this dissent.