**Robert Frank MAYSE and Reagan R. Ross, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 46777.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 13, 1973.

———◆———

John Montford, Lubbock, for appellants.

Joe Smith, Dist. Atty., Seminole, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from convictions for the offense of unlawful possession of a narcotic drug, to-wit: morphine. Punishment was assessed each appellant, upon his plea of guilty, at eight years.

Two grounds of error are urged. One of the contentions is that "The evidence is insufficient to support the appellants' convictions since there is no evidence of record that the drug morphine is a narcotic drug." Such contention is without merit.

Article 725b, Sec. 1(12), Vernon's Ann. P.C., states that: " 'Opium' includes morphine, . . ." and Article 725b, Sec. 1 (14), supra, states that: " 'Narcotic drugs' means coca leaves, opium, . . .." The appellants' pleas of guilty admitted possession of morphine.

Finally, appellants contend that "The trial court's admonition failed to in-quire of the defendants whether or not the defendants' pleas were uninfluenced first, *by any persuasion;* second, *by any fear;* and, third, *by any delusive hope of pardon."*

The admonitions herein have been reviewed. As to appellants' specific contentions, we quote from the record:

"THE COURT: Now, are either of you pleading guilty because of any force or coercion upon you to make you plead guilty?

MR. MAYSE: No, sir.

MR. ROSS: No, sir.

THE COURT: Has anyone made any promises to you, to either one of you, to get you to plead guilty?

MR. MAYSE: No, sir.

MR. ROSS: No, sir."

Although the exact wording of Article 26.13, Vernon's Ann.C.C.P., was not stated by the trial judge, we conclude that the admonishment given was sufficient compliance with the statute. See, Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973); Espinosa v. State, 493 S.W.2d 172 (Tex.Cr. App.1973).

There being no reversible error, the judgments are affirmed.

ROBERTS, Judge (dissenting).

My predictions were not delusive; today, they are fully realized. The majority has, in effect, successfully abolished Article 26.13, V.A.C.C.P.

My concern arose when this Court began to accept as "sufficient compliance" those admonitions which were clearly substandard according to the statute. Admittedly, I have served on this Court for a relatively short period of time, but I retain the perhaps naive notion that we should follow those guidelines which the legislature has seen fit to establish, unless, of course, the law is unconstitutional.

**916**

I dissented in Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973) and Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App. 1973), and for the reasons stated in those causes, I dissent herein. See also, Presiding Judge Onion's concurring opinion in Heathcock v. State, 494 S.W.2d 570 (Tex.Cr.App. 1973). My fear was that a gradual erosion of the statute was taking place. The admonishment in the instant case, even read liberally, inquires of the appellant as follows: was he pleading guilty because of *force* or *promises*? There is an absolute void as to an inquiry concerning a plea of guilty based upon any *persuasion, fear,* or *delusive hope of pardon.* Trial judges are now put on notice that they need not comply with Article 26.13, V.A.C.C.P. So long as any sloppy effort is put forth in accepting a guilty plea, the majority will accept it as "sufficient compliance".

I dissent.

ONION, P. J., joins in the dissent.