**Bob PRUDHOMME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46823–46825.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 3, 1973.

James S. McGrath, Beaumont (on appeal only), for appellant in No. 46823.

Herbin J. Molbert, Beaumont (on appeal only), for appellant in Nos. 46824 and 46825.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Hut-

tash, Asst. State's Atty, Austin, for the State.

OPINION

DOUGLAS, Judge.

These are appeals from three convictions for the sale of marihuana. The punishment in each case was assessed at five years.

In Cause No. 27,766 in the trial court, the plea was not guilty and the punishment was assessed by the jury. In Causes Nos. 27,759 and 27,782, the pleas were guilty and the court assessed the punishment in each case at five years. All the sentences were to run concurrently.

■ We have concluded that the convictions upon the pleas of guilty cannot stand because certain provisions of Article 26.13, Vernon's Ann.C.C.P., and the decision of the Supreme Court of the United States in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, were not followed. The appellant was properly admonished as to the range of punishment, but there is no showing in the record that the pleas were entered voluntarily. The court asked:

"Well, do you claim that anybody has taken advantage of you or that you have been mistreated, or anything that you consider as an improper influence upon you to cause you to plead guilty?"

The appellant replied, "No, Sir." The court then asked counsel if appellant understood the consequences of the pleas of guilty and counsel replied that he did.

There is no showing that inquiry was made concerning promises or persuasion or that the plea was otherwise voluntarily made. See Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174, and Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172.

■ In the case where his plea was not guilty, the main contentions are that the court erred in admitting evidence of ex-

traneous offenses and in refusing to give his requested charge on accomplice testimony that there must be evidence other than that of an undercover agent to connect the appellant with the crime. The court charged the jury to acquit if the appellant had been entrapped or if he had acted as an accommodation agent for the purchaser.

Curtis W. Padgett, an undercover agent for the Texas Department of Public Safety, testified that on the day in question he purchased two matchboxes of marihuana from the appellant for $10.00. After Padgett testified, the State rested.

The appellant testified that on the day in question Padgett and Gloria Williams came to his house. While there, the two smoked what looked like a marihuana cigarette and Padgett then asked where he could get some "grass." After some discussion, the appellant left and bought a $5.00 box of marihuana from a man called "Hustler." Later, Gloria Williams paid him $5.00 for the box because Padgett did not have anything less than a $20 bill. Padgett then smelled the marihuana, took it and left. Appellant also testified that he was not a dealer in marihuana, and the only reason he got it this time was to get Padgett and Gloria Williams out of the house and that he had no intent of selling anything but was only accommodating Padgett. He further related that he "never made a nickle out of it." ·

On cross-examination, he testified that he sold marihuana which he also got from "Hustler" to Padgett at O'Bannions Drive-Inn some eleven days later. The reason he gave for selling this time was that he was afraid of Gloria Williams who had been with Padgett on both occasions.

Another sale made at his home to Padgett was proved.

The appellant requested an instruction to the jury that ". . . you cannot convict the defendant unless you further believe there is other evidence in the case, outside

the witness Padgett, tending to connect the defendant with the commission of the offense charged in the indictment. . . ."

The court had already instructed the jury on entrapment and accommodation agency to the effect that if the jurors believed that the crime originated in the mind of the officer, they were to acquit.

Under the charge as requested, the appellant would have been denied in effect the defense of entrapment or accommodation agency. The evidence tending to connect him with the crime was a foregone conclusion because of his admission in open court. Here the appellant confessed to the acts constituting the offense of the sale of marihuana. He sought to avoid the consequences of the sale by testifying in effect that he would not have done so except that the crime originated in the mind of Officer Padgett. The only matter left was his credibility on his defense, not on the commission of the offense.

The same question about instructing on accomplice testimony where entrapment has been charged has been presented in Carr v. State, Tex.Cr.App., 495 S.W.2d 936 (This day decided). We hold now, as we did in Carr, that since entrapment and accommodation agency were raised as a defense and the accused took the stand and admitted the acts which constituted the offense, no charge on accomplice testimony was required.[1]

The complaint about the introduction of evidence of other sales to Padgett and the possession of several boxes of other marihuana found at his home is without merit.

■ Where entrapment has been interposed as a defense, the evidence of other transactions with marihuana, although extraneous offenses, is admissible on the issue of intent. Carr v. State, supra; Jones v. State, Tex.Cr.App., 427 S.W.2d 616;

Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452.

A limiting instruction on the extraneous transactions was given.

■ No search warrant or supporting affidavit appears in the record; the question of the search of the home under a search warrant cannot be reviewed.

The judgments in Causes Nos. 46,824 and 46,825 are reversed and remanded.

The judgment in Cause No. 46,823 is affirmed.

ONION, Presiding Judge (concurring in part and dissenting in part).

I fully agree that the two convictions resulting from pleas of guilty must be reversed for the failure of the trial court to comply with the mandatory requirements of Article 26.13, Vernon's Ann.C.C.P. I would disassociate myself from any inference in the majority opinion, relying upon Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973), and Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973), that if inquiry had been made as to persuasion or promises the admonition would have been sufficient. The statute is too plainly worded to be misconstrued, see Espinosa v. State, supra (dissenting opinion), and it requires inquiry as to whether a guilty plea "is uninfluenced or by any consideration of fear, or by any persuasion or *delusive hope of pardon,* prompting him to confess his guilt." (Emphasis supplied.)

I would point out that the admonition is insufficient in addition to the reasons already observed for failing to make any inquiry as to any delusive hope of pardon or any similar inquiry. See Heathcock v. State, 494 S.W.2d 570 (Tex.Cr.App.1973), and Mayse and Ross v. State, 494 S.W.2d 914 (Tex.Cr.App.1973) (dissenting opinion).

1. When a defendant places a witness on the stand who would be an accomplice witness had the State called him, no charge on accomplice testimony is required. Terry v. State, Tex.Cr.App., 481 S.W.2d 870.

The conviction on the plea of not guilty is unlike Carr v. State, 495 S.W.2d 936 (Tex.Cr.App.1973), for in that case there was other legitimate evidence upon which the conviction could be predicated and the failure to charge on the issue of whether a certain witness was an accomplice witness was error, but harmless error. See Carr v. State, supra (dissenting opinion).

I concur in the result reached in the instant case (on the plea of not guilty) because I cannot find in this record where the written objection on this basis was filed, presented to or acted upon by the trial judge.

ROBERTS, Judge (concurring).

I agree with Presiding Judge Onion in his concurring opinion herein, insofar as it relates to the pleas of guilty.

However, I agree with the majority that where an appellant testifies he committed the act, there is no necessity in charging on accomplice witness as well as entrapment.