Lee Arthur JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47096.

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

**116**

Joe B. Goodwin, Beaumont, on appeal only, for appellant.

Tom Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The conviction, on a plea of guilty, is for robbery by assault. The punishment, assessed by the jury, is for fifteen years.

Appellant's only ground of error reads:

"The Trial Court did not properly admonish the defendant of the consequences of a plea of guilty in direct violation of Art. 28.13 [26.13] of the Texas Code of Criminal Procedure in that the trial court did not question the appellant as to whether or not he was influenced by any consideration of fear or by any persuasion or delusive hope of pardon which might have prompted him to confess his guilt."

The record reflects that upon arraignment, after the selection of the jury, the appellant entered his plea of guilty. Thereupon, the court sent the jury from the courtroom, and explained to appellant the range of punishment applicable to the charge of robbery by assault, and inquired of appellant whether he had sufficiently discussed this matter with his attorney, and whether he was satisfied with the representation given by his attorney, to both of which appellant answered in the affirmative. Then the following colloquy occurred between the court and appellant:

"BY THE COURT: Now, you do know that you are entitled to a trial before a jury on whether or not you are guilty or innocent?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: And you do not have to plead guilty before the Court, you can let the jury decide that if you wish. Do you understand that?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: And you do not care for a jury trial on this case as to guilt or innocence, is that what you are saying?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: Now, since this indictment against you, have you been abused or threatened, or has anybody done anything to make you enter a plea of guilty if you were not guilty?

"BY THE DEFENDANT: No, sir."

\*　　\*　　\*　　\*　　\*　　\*

"BY THE COURT: I would like to ask Mr. Wiggins a question. Of course, your client is offering to plead guilty. Do you feel like he is competent to give the Court the answers he's just given to the Court?

"MR. WIGGINS: I feel he is competent, Your Honor.

"BY THE COURT: Do you have any doubt or do you feel he is legally sane at this time?

"MR. WIGGINS: Yes, sir.

"BY THE COURT: Do you feel like he was legally sane at all times material to the charges against him?

"MR. WIGGINS: Yes, I'm satisfied, Your Honor.

"BY THE COURT: Can I just have this sworn to before the court reporter? She's authorized to take oaths, isn't she?"

At this time, the appellant signed and swore to a "Stipulation of Evidence" approved by appellant, his attorney and the court. In this judicial confession he admitted his guilt to the offense of robbery by assault as charged. After this stipulation was filed, the court accepted the plea of guilty.

In addition to the stipulation, appellant testified, freely admitting his guilt. His main efforts were directed at securing a verdict granting him probation. He failed in this attempt.

We consider the explanation of the range of punishment, and the negative answer of appellant to the court's question whether he had been abused or threatened, and whether anybody had done anything to make him enter a plea of guilty if he were not guilty, when considered along with the other admonishments given by the court, were sufficient, in view of the entire record, to satisfy the requirements of Article 26.13, Vernon's Ann.C.C.P. Moreno v. State, Tex.Cr.App., 500 S.W.2d 114 (1973); Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174; Espinosa v. State, Tex. Cr.App., 493 S.W.2d 172; Clayton v. State, Tex.Cr.App., 493 S.W.2d 176.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (dissenting).

Once again I am forced to disassociate myself from the majority on an issue which is so easily resolvable that it should not be before this appellate court in the first place.

I am constantly amazed at the meaningless verbiage bandied about by trial judges in attempting to accept pleas of guilty. If the applicable statute were unclear or ambiguous, it might be understandable. However, I cannot condone a violation of a statute so clearly stated as Art. 26.13, V. A.C.C.P. I dissent. See the dissenting

opinions in Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973) and Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973).

ONION, P. J., joins in this dissent.