**Ernesto Valle MORENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47495–47501.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

JACKSON, Commissioner.

In seven cases the appellant plead guilty before the court to the sale of narcotic drugs, all being for the sale of heroin except No. 47,501, which was for the sale of marihuana. The punishment, 40 years in each case.

The sole contention urged on these appeals is that the court did not adequately admonish appellant as required by Art. 26.-13, Vernon's Ann.C.C.P., because the court failed to inquire of appellant if he was "uninfluenced by any delusive hope of pardon prompting him" to enter a plea of guilty.

After explaining the range of punishment applicable to the charges against appellant, the court and appellant engaged in the following colloquy:

"Now, the Court understands that in all of these cases that I have read that you want to waive a jury and plead guilty before the Court is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Your answer is yes?

"THE DEFENDANT: Yes.

"THE COURT: You do this freely and voluntarily?

"THE DEFENDANT: Yes.

"THE COURT: Nobody has threatened you or scared you or beat you up or offered you any inducements or done anything to you to get you to plead guilty?

"THE DEFENDANT: No.

"THE COURT: Are you pleading guilty in each case because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"THE COURT: Your attorney, Mr. FitzGerald has explained all of your rights to you and you know what you are doing?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand the proceedings?

"THE DEFENDANT: Yes.

"THE COURT: The Court will accept the plea in each of the cases and the Court understands that you want the Court to hear all of them at the same time, you want to hear them all at one time?

"THE DEFENDANT: Yes.

"THE COURT: All right, the Court accepts the plea in each of the seven cases and the cases will proceed."

After the stipulated evidence was introduced, which included judicial confessions signed by appellant, in which he admitted guilt of each and every one of the charges, he was placed on the stand and testified that he voluntarily signed the judicial confessions and no one forced him or coerced him or promised him anything.

The judgment in each case recites that "the defendant was admonished by the court of the consequences of the said plea and the defendant persisted in entering said plea, and it plainly appearing to the court that the defendant is sane and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt, the said plea was accepted by the court."

In addition the court also signed and placed in the record written findings, reciting:

"The Court finds that the defendant is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt. . . ."

Although the court did not specifically inquire of appellant as to whether he was prompted to plead guilty because of a delusive hope of pardon, in view of the entire record and the court's findings, we consider the admonitions to be in substantial compliance with Art. 26.13, V.A.C.C.P. Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174; Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172; Clayton v. State, Tex.Cr. App., 493 S.W.2d 176.

We overrule appellant's contention and affirm the judgment.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., dissent.