Cecil Ruben CURREN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 48559–48561.

Court of Criminal Appeals of Texas.

May 29, 1974.

Arthur A. Estefan, San Antonio (Court appointed on appeal) for appellant.

Ted Butler, Dist. Atty., Jim Folsom and Douglas C. Young, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from three convictions for the offense of felony theft wherein appellant waived trial by jury and entered pleas of guilty before the court. Punishment was assessed at six years in each case.

Appellant contends that the trial court erred in accepting his pleas of guilty on the ground that Art. 26.13, Vernon's Ann. C.C.P., was not complied with because the trial court did not ascertain if his pleas were uninfluenced by any consideration of fear, persuasion, or delusive hope of pardon.

The record reflects that the trial court correctly advised appellant of the range of punishment. The trial court then admonished appellant as follows:

"THE COURT: Are you pleading guilty in each of these cases because you feel you are guilty?

"APPELLANT: Yes.

"THE COURT: You are not doing this by reason of fear?

"APPELLANT: No, sir.

"THE COURT: You are not doing this because anyone has promised you anything?

"APPELLANT: No, sir.

"THE COURT: You are doing this voluntarily because you are guilty?

"APPELLANT: Yes, sir."

After appellant's counsel stated that in his opinion appellant was sane, appellant's guilty pleas were accepted by the trial court.

The judgments in each of the three cases recite that the court admonished appellant of the consequences of his pleas and that it plainly appeared to the court that appellant was sane and was uninfluenced by any consideration of fear, or by any promises, persuasion, or delusive hope of pardon which prompted appellant to confess his guilt.

Although the exact wording of Art. 26.-13, supra, was not used by the trial judge, we have concluded that the admonishment given was sufficient compliance with the statute. See McClintick v. State, 508 S.W.2d 616 (2/27/74); Mayse v. State, 494 S.W.2d 914 (Tex.Cr.App.1973); Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App. 1973); Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973).

There being no reversible error, the judgments are affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (dissenting).

This court has over a period of years held that the provisions of Article 26.13, Vernon's Ann.C.C.P., are mandatory and the prerequisites therein must be complied with as a condition precedent to the validity of a plea of guilty or nolo contendere in a felony case and the question of compliance may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948); Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Marshall, 479 S.W.2d 921 (Tex.Cr.App.1972); and Wilson v. State, 456 S.W.2d 941, 943 (Tex.Cr.App.1970) (concurring opinion), and cases there cited.

In the instant case the majority opinion sets forth the admonishment. Nowhere does the admonishment inquire whether the guilty plea was prompted by any persuasion or delusive hope of pardon as required by the mandatory provisions of Article 26.-13, Vernon's Ann.C.C.P.

Article 26.13, supra, and its forerunners have remained virtually unchanged in verbiage for over 116 years, being reenacted repeatedly after this court's repeated interpretation of its mandatory character.

It is my firm belief that some trial judges will never comply with the procedure required by the Legislature so long as a majority of this court is willing to accept any sloppy effort inquiry as a sufficient compliance with the statute. See Bosworth v. State, 510 S.W.2d 334 (March 13, 1974).

I dissent.