Bobby Lee LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0489–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1982.

Leonard Roth, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before DYESS, SMITH and BASS, JJ.

DYESS, Justice.

The appellant was charged by indictment with aggravated robbery, alleged to have occurred on May 1, 1980. Thereafter, counsel was appointed, the cause was reset, and on June 30, 1980 the appellant filed an affidavit claiming that he committed an extraneous offense on April 22, 1980. The appellant entered a plea of nolo contendere

to the court on July 1, 1980. The trial court found that the offense was committed with a deadly weapon, specifically, a knife. No recommendation as to punishment was made by the State, and the appellant did not file a motion for probation.

Following the appellant's plea the trial court recessed the proceeding to allow preparation of a pre-sentence investigation. Then, on October 17, 1980 the appellant requested a psychiatric examination, and it was granted. Thereafter, on December 5, 1980, the trial court assessed punishment at 20 years confinement, and the appellant was sentenced on December 15, 1980.

The appellant's first ground of error is that his conviction should be reversed because the court did not fully satisfy itself that the appellant was competent at the time of his plea of no contest.

There are three factors to which the appellant points and which he claims raised, or should have raised, in the court's mind the question of the appellant's competency to stand trial. He points first to an instability on the part of the appellant as indicated by his unsolicited confession to a crime for which another person was charged. While such an action by a person similarly situated may be regarded as rather unusual, by no means does it necessarily indicate a defendant's lack of competency. It should be noted that in the appellant's confession he stated that the reason he was giving the confession was because the accused was a friend of his, and he did not want his friend to be accused of something he had actually done.

■ Next the appellant points to the court's own decision to order a psychiatric examination on October 17, 1980, upon request of the defense counsel. We reject the idea that the mere fact of a request for a psychiatric examination and the granting of such request, without further evidence, warrants a ruling that the trial court abused its discretion by failing to conduct a competency hearing; likewise, that such facts should have raised a question in the trial court's mind as to the appellant's competency. This is especially so if there were

no further discussion or raising of the issue by the appellant through a motion or request. *Brown v. State*, 505 S.W.2d 850, 852 (Tex.Cr.App.1974).

Finally, the appellant points to his interrogation by the court and his answer to the court when asked if he were insane. This colloquy went as follows:

> The Court: Do you consider yourself mentally competent to stand trial?
>
> The Defendant: Sir?
>
> The Court: Have you ever been treated for any kind of mental disease, mental sickness or mental disorder?
>
> The Defendant: One ear, loss of hearing, and that's all.
>
> The Court: But you're a person of sound mind, are you not? You're not insane, in other words?
>
> The Defendant: I don't know.
>
> The Court: You understand what you're accused of and you understand what you're doing here before me today and you have a full understanding of these matters so you can intelligently discuss them with your attorney?
>
> The Defendant: Yes.
>
> The Court: And allow him to help you in this matter; is that correct.
>
> The Defendant: Yes.

After these questions, from which the court presumably ascertained to its satisfaction that the appellant was of sound mind, the court asked the appellant's attorney if he thought the appellant was competent:

> The Court: Mr. Donahue, have you had a chance to counsel with your client in this matter and are you convinced he understands what he is doing, that he is aware of the nature and consequences of his act of pleading no contest?
>
> Mr. Donahue: Yes, Your Honor.

■ A court need not question the competency of a defendant, or require an examination or hearing, unless such court has been given some reason to do so. This can arise from the judge's own observation, from the defense counsel's observations and comments, or from some other source. See

Art. 46.02 Sec. 2(a), V.A.C.C.P., *Streaker v. State*, 487 S.W.2d 94 (Tex.Cr.App.1972). Since this court cannot rule on facts not contained in the record, we can reverse the case only upon finding that the appellant's competency to stand trial was raised and that the trial court should have ordered a psychiatric examination.

■ The above-quoted dialogue indicates that the court questioned both the appellant *and* his attorney concerning the appellant's mental competency. Without further indication from some source to cause the trial judge to question the appellant's sanity, he need not do so, and this court need not assume that he did question the appellant's sanity. See *Daugherty v. Beto*, 388 F.2d 810 (5th Cir. 1967), cert. denied 89 S.Ct. 461, 393 U.S. 986, 21 L.Ed.2d 447; *Boss v. State*, 489 S.W.2d 580 (Tex.Cr.App.1972); *Ainsworth v. State*, 493 S.W.2d 517 (Tex.Cr.App. 1973). We overrule the appellant's first ground of error.

■ By his second ground of error, the appellant claims that he was not fully apprised of the ramifications of a finding of guilty to a charge of aggravated robbery. In essence, the appellant is claiming that the judge not only neglected to warn him that he could not receive a probated sentence upon a finding that he was guilty of aggravated robbery, but also that he could not lower his amount of time to be served by accumulating good conduct time.

When a court gives an admonishment, it is required only to comply substantially with art. 26.13 V.A.C.C.P. *Taylor v. State*, 591 S.W.2d 826, 829 (Tex.Cr.App.1980). That article requires merely that the Court ". . . admonish the Defendant of: (1) The range of punishment attached to the offense. . ."

The appellant cites *Jones v. State*, 596 S.W.2d 910 (Tex.Cr.App.1980) as standing for the proposition that a defendant must be told of his ineligibility for parole when he is found guilty of one of the crimes listed under Tex.Code Crim.Pro.Ann. art. 42.12 § 3f(a)(1). While the court did intimate in that opinion that an explanation concerning

the defendant's ineligibility for probation should have been given to the defendant had the court affirmatively found that the crime was committed with a weapon, the court also relied heavily on the fact that the defendant had urged probation upon the court. This latter fact indicates that the court is required to warn the defendant concerning probation only if the defendant is hoping to receive, and actively pushes for, a probated sentence.

The other part of ground of error two complains that the appellant was not warned of his ineligibility to shorten his time served by accumulating good time. We reject this complaint because the Court of Criminal Appeals in *Wright v. State*, 499 S.W.2d 326, 327 (Tex.Cr.App.1973), defined the trial court's duty to admonish in these words:

> . . . [T]he court is required by Article 26.13, supra, to admonish a defendant in a felony case upon his guilty plea of the "consequences of his plea," which has been interpreted as meaning "the punishment provided by law for the offense and the punishment which could be inflicted under his plea".

The trial court in the instant case gave the defendant all the information required by the statute. First, he inquired of the appellant if he was pleading guilty because he was guilty or because of some other reason such as coercion or promise of pardon. The judge also inquired as to the existence of a plea bargain. Then the following ensued:

> The Court: The full range of punishment for the felony offense aggravated robbery is by life confinement in the Texas Department of Corrections or any term of years not less than five nor more than 99. Do you understand that to be the full range of punishment? And in addition thereto, it is possible to be punished by a fine in any amount up to but not exceeding $10,000. Knowing the full range of punishment.
>
> The Defendant: Yes.

We conclude from our reading of *Jones*, supra, that, if there need not be an admonishment on the defendant's ineligibility for

probation, one need not be given on the defendant's ineligibility for good time credit, because the two are similar in nature. Each reduces the punishment provided for by law for the particular offense. In addition, the defendant cannot assume that he will necessarily receive either of the two. See also *Williams v. State,* 504 S.W.2d 477 (Tex.Cr.App.1974); *Taylor v. State,* 591 S.W.2d 826 (Tex.Cr.App.1980, on rehearing). We also take note of the rule that unless the appellant can substantiate his claim with specific events in the record, no error is shown. *Beck v. State,* 573 S.W.2d 786 (Tex.Cr.App.1978). We overrule the appellant's second ground of error.

■ By his ground of error three the appellant asserts that the trial court did not ascertain that his plea was not based on force, threat or coercion. Here the appellant has failed to point out in the record where the alleged error occurred. Neither has he made any argument in support of this point, or cited any authorities. *Williams v. State,* 566 S.W.2d 919 (Tex.Cr.App. 1978); *Woods v. State,* 569 S.W.2d 901 (Tex. Cr.App.1978).

Despite the inadequacy of the appellant's presentation of his ground of error three we have considered it and find it to be without merit. The record reveals that the trial court was satisfied that the appellant was pleading freely and voluntarily. This conclusion is supported fully by the following exchange between the appellant and the court:

> The Court: Are you pleading no contest and you understand by pleading no contest if I find that the facts are as set out, I will be required by law to enter a finding of guilty? You understand?
>
> The Defendant: Yes, sir.
>
> The Court: Are you entering this plea freely and voluntarily and for no other reason?
>
> The Defendant: Freely.
>
> The Court: Satisfied in your own mind that is the plea you want to enter, right?
>
> The Defendant: I do.
>
> The Court: Has anybody promised you anything to make your plea no contest?

> The Defendant: No.
>
> The Court: Has anybody promised you anything to make your plea no contest?
>
> The Defendant: (Defendant shakes head negatively)
>
> The Court: Has anybody forced, threatened, coerced you in anyway to make you plea no contest?
>
> The Defendant: (Defendant shakes head negatively)
>
> The Court: Are you entering this plea freely and voluntarily and for no other reason?
>
> The Defendant: Yes.

The Court of Criminal Appeals has addressed this general issue before and said that substantial compliance with the admonishment requirement is sufficient to satisfy that requirement, art. 26.13 V.A.C. C.P. See *Mitchell v. State,* 493 S.W.2d 174 (Tex.Cr.App.1973). In *Mitchell* the same questions were asked of the defendant (except that the trial court judge in this case asked the appellant twice if he was forced to plead guilty), and the Court of Criminal Appeals said that the admonishment was proper. See also *Moreno v. State,* 500 S.W.2d 114 (Tex.Cr.App.1973); *Williams v. State,* 497 S.W.2d 306 (Tex.Cr.App.1973).

We overrule the appellant's third ground of error and we affirm the judgment of the trial court.