### EX PARTE W. E. STEWART

No. 27,337. October 20, 1954
Relator's Motion for Rehearing Denied
(Without Written Opinion) November 10, 1954

484

Relator represented himself.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an original application for a writ of habeas corpus to this court, relator being confined in the penitentiary under sentence of 2 to 7 years from Wichita County.

The judgment of the trial court, a jury being waived, adjudged relator guilty of the offense of "swindling with a worthless check as charged in the indictment," and that he be confined in the penitentiary for seven years.

The indictment shows that the relator was charged with the offense of obtaining personal property with the intent to defraud by drawing a check in the amount of Fifty Dollars or more without sufficient funds as defined in Art. 567b, Vernon's Ann. P.C. The indictment may be considered in construing the judgment and sentence. Such shows that relator was here convicted of the offense defined by Art. 567b, Vernon's Ann. P.C.; Ex Parte King, 156 Texas Cr. R. 231, 240 S.W. 2d 777; Jones v. State, 154 Texas Cr. R. 241, 226 S.W. 2d 437.

Relator contends that the judgment is void because a fine was not assessed as part of the punishment in addition to the penitentiary term, both being required by statute. Art. 567b, Vernon's Ann. P.C., provides that, for a violation of this Act where the check or draft is in the amount of Fifty Dollars ($50), or more, the punishment shall be confinement in the penitentiary for not less than two (2) years nor more than ten (10) years, and by a fine not exceeding Ten Tousand Dollars ($10,000).

The punishment here imposed was of the same character, as far as it went, as that prescribed by the statute and the judgment cannot be collaterally attacked on the ground that no fine was imposed. Lenore v. State, 137 Texas Cr. R. 417, 129 S.W.

2d 657. This appears to be the rule in most jurisdictions. Ex parte Clarke, 236 P. 66 (Okla.) ; Linningen v. Morgan, 241 Fed. 645; Dillon v. State, 38 Ohio St. 586; and Annotation (Illegal or Erroneous Sentence as Grounds for Habeas Corpus. IV. Deficient Sentence), 76 A.L.R. 468 at 505.

We have held however that on appeal a judgment assessing a punishment less than the minimum provided by law will be reversed. See Simmons v. State, 156 Texas Cr. R. 601, 245 S.W. 2d 254.

We overrule relator's contention that the trial court, after waiver of trial by jury, is without power to assess the punishment upon a plea of guilty to an offense less than capital. Ex parte Traxler, 147 Texas Cr. R. 661, 184 S.W. 2d 286.

The relief prayed for is denied.

Opinion approved by the court.