### Ex parte William B. DROPPLEMAN.

#### No. 35235.

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 2, 1963.

**854**

Charles William Tessmer, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner, an inmate of the Texas Prison System, brings this application for writ of habeas corpus directly in this Court alleging that upon his plea of guilty in the Criminal District Court of Travis County to an indictment charging him with possessing a narcotic drug, to-wit, morphine, "the prosecution wholly failed to introduce *any* evidence of guilt as to the fact that your Petitioner possessed a narcotic drug * * *" and, further, that such failure "constitutes fundamental error and renders the judgment of conviction and sentence thereon void and subject to collateral attack." His application was ordered filed and set for submission on the question of whether the writ should issue.

The statement of facts adduced upon the hearing of the plea of guilty in the trial court accompanies the application, and we must determine from it if Article 12, Vernon's Ann.C.C.P., has been complied with and if *any* evidence was introduced in support of such plea.

Lieutenant Gann, in charge of the narcotic detail of the Austin police department, with five years' experience in this specialized field and 15 years' experience in police work, testified that on the day in question, armed with a search warrant, he went to appellant's home and upon entering found petitioner in a stupor; that they woke him up, informed him as to the search warrant, and we quote from his testimony as follows:

"A. After searching the place we found a quantity of drugs located on the drain board, a pharmaceutical bottle containing twenty-seven morphine tablets.

"Q. The bottle which the morphine tablets were in had a prescription on it, did they not?

"A. Yes, sir, they did.

"Q. And did you check the prescription out?

"A. Yes, sir.

"Q. With the pharmacy. Was that bottle with that prescription for that morphine?

"A. No. The bottle and prescription was for another party, and it was to contain a barbiturate.

"Q. Not the morphine?

"A. Not the morphine, no, sir.

"Q. Did you find anything else there, sir?

"A. We found a hypodermic syringe and two needles, also a spoon with the handle bent in the usual manner for mixing narcotics.

"Q. Did you inspect the Defendant's arm for any possible hypodermic marks?

"A. Yes, sir, I did.

"Q. Did you find any marks on his arm?

"A. Yes, sir.

"Q. The narcotics, the morphine that was found, was that tested by you at the Austin Police Department?

"A. After we returned to the Station, I tried a Marquis reagent test on it, a preliminary test to ascertain if it does have an opium derivative. It showed that it contained an alkali and—

"Q. These tests that you run, preliminary tests, at the Austin Police Department, are you trained in the procedure of running these tests, sir?

"A. It's a color test, very simple to administer.

"Q. And are these tests approved by the chemists of the Department of Public Safety?

"A. Yes, sir, they are.

"Q. Was that morphine later submitted to the Department of Safety for *confirmation* of your test?

"A. Yes, sir, it was."

This was followed by certain hearsay testimony, admitted without objection, concerning the results of the tests made at the Department of Public Safety, but which is not here set forth because not taken into consideration in reaching the conclusion we here express.

It should be noted that Lieutenant Gann was cross examined only as to the search warrant, no objections were interposed to any of his testimony, and petitioner called no witnesses in his own behalf.

We now test that which has been set forth above in the light of petitioner's contention.

In II Wigmore (3rd Ed.), Evidence, Sec. 475, p. 516, we find the following:

"Some unknown person's assertion may be worthless; but a specific person's assertion, under certain conditions, acquires sufficient probative value to be at least considered * * *. The fact that an assertion is made by a person who is sane, of age, experienced in the subject matter, acquainted with the circumstances * * * is relevant to show the truth of the fact asserted."

In McCormick & Ray, Texas Law of Evidence (2nd Ed.), Sec. 1396, p. 224, it is said:

"If it has been shown that the witness had an opportunity to observe and did observe, and if his testimony in opinion-form is of such value as to be admissible, the facts upon which his opinion is based are matters affecting its weight but seemingly should have nothing to do with admissibility."

It would appear quite clear from the above that Lieutenant Gann was "experienced in the subject matter * * * had an opportunity to observe and did observe" and that "his testimony in opinion-form is of such value as to be admissible." If this be true, then his plea of guilty is supported by admissible testimony showing that the tablets in fact contained morphine.

■ By amended petition, the judgment is attacked as void because it recites that the court found petitioner guilty of the offense of "Possession of a Narcotic Drug." As stated, the indictment contained the additional averment "to wit, morphine." The judgment recites that petitioner "entered his plea of 'guilty' to the charge contained in the indictment." In Ex parte Stewart, 160 Tex.Cr.R. 483, 271 S.W.2d 945, a collateral attack upon a judgment on a plea of guilty, we held that the indictment might be looked to in construing the judgment and sentence. See also Ex parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777.

The writ of habeas corpus is denied.