Lorenzo Ovalie **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46362.

Court of Criminal Appeals of Texas.

May 16, 1973.

---

Dell Barber and Dan L. Barber, Colorado City, for appellant.

Lealand W. Greene, Dist. Atty., Snyder, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation proceeding.

Appellant's appeal was abated in Martinez v. State, Tex.Cr.App., 488 S.W.2d 77.

The record is now properly before us. The appeal will be considered on its merits.

Appellant plead guilty to the felony offense of driving a motor vehicle upon a public highway while intoxicated. His punishment was assessed at two (2) years imprisonment. Imposition of the sentence was suspended and the appellant placed on probation. One of the conditions of probation was that he not violate the law.

Subsequently, the State filed a motion alleging appellant violated the above stated condition of his probation and after a hearing, the court revoked probation.

Appellant contends, by supplemental brief, that the admonishment upon his plea of guilty at the original trial was insufficient under Article 26.13, Vernon's Ann.C. C.P. This will be considered under Section 13 of Article 40.09, V.A.C.C.P.

■ Alleged errors at appellant's original trial may not ordinarily be raised at his revocation of probation. Taylor v. State, Tex.Cr.App., 482 S.W.2d 246, and the cases cited therein.

However, in Ramirez v. State, Tex.Cr. App., 486 S.W.2d 373, a revocation of probation, appellant contended he was not represented by counsel at the trial upon which the revocation was based. Reversing the cause we concluded:

" . . . collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel. To require a separate habeas corpus proceeding to attack such a conviction would be to require a useless thing."

■■ This Court has held that a failure to comply with the requirements of Article 26.13, supra, is subject to attack via a petition for habeas corpus. Ex parte Chavez, Tex.Cr.App., 482 S.W.2d 175. Therefore, appellant's claim will be considered.

The record reflects appellant entered a plea of guilty to the felony offense of driving while intoxicated, second offense on September 15, 1972, before the 132nd District Court of Scurry County. After the court called for appellant's plea to the indictment, the following transpired:

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that you are not required to plead guilty, but that you have the right to enter a plea of not guilty and have the State to prove every element of its case beyond

a reasonable doubt, either before a jury or before the Court. Do you understand? Does he understand English, Mr. Rosson?

"MR. ROSSON: I think he understands what you are saying, Your Honor. He doesn't speak English fluently. You understand what the Judge is saying?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that, Mr. Martinez?

"THE DEFENDANT: Yes, sir.

"THE COURT: And knowing that you have the right to plead not guilty, you also know that upon your plea of guilty that the Court will probably find you guilty, and will set your punishment at somewhere within the limits of what the law provides for punishment for this offense, which are these: not less than 10 days nor more than two years in the county jail—it is 10 days, isn't it?

"MR. GREENE: Yes, sir.

"THE COURT: Not less than $100 nor more than $1,000 fine, or both fine and jail; or not more than 2 years in the Department of Corrections, which is what we know as the penitentiary.

Now, I have before me your application for a probation.

[Here follows Court's admonition as to probation.]

[REPORTER'S NOTE—Discussion off the Record between the Defendant and Mr. Rosson.]

"MR. ROSSON: He says he wants to plead guilty.

"THE COURT: You want to plead guilty?

All right.

You may be seated. The Court will accept your plea.

■ The purpose of the admonishment is to determine the voluntariness of the plea. While we have repeatedly prevailed on trial judges to follow the exact wording of Article 26.13, V.A.C.C.P., in making that determination, reversal is not required where the trial court's inquiry, taken as a whole, is sufficient to establish the voluntary nature of the plea.

In our recent opinions in Mitchell v. State, 493 S.W.2d 174 (1973), and Espinosa v. State, 493 S.W.2d 172 (1973), the essential ingredients requisite for minimal compliance with Article 26.13, V.A.C.C.P., were present.[1]

■ In the case at bar the court made no inquiry as to either "force" or "fear", or "promise" or "persuasion", and did not adequately advise appellant as to the proper range of punishment. Article 802b, Vernon's Ann.P.C. We have concluded that the admonition with these omissions fails to meet the requirements of the statute.

For the error pointed out the judgment is reversed and the cause is remanded.

ONION, P. J., concurs in the reversal.

ROBERTS, J., concurs in the reversal.

1. In Mitchell, supra, we have these two questions in addition to a statement on the range of punishment:
"*The Court*: Has anyone threatened you to *force* you to plead guilty? [Emphasis Supplied]
"*Defendant*: No, sir.
"*The Court*: Anyone *promised* you anything to induce you to plead guilty? [Emphasis Supplied]
"*Defendant*: No, sir."

In Espinosa, supra:
"*The Court*: Did anybody place you in fear, threaten you, abuse you, mistreat you or do anything that would *force* you to plead guilty? [Emphasis Supplied]
"*The Defendant*: No sir.
"*The Court*: Did anybody *promise* you anything at all to get you to plead guilty? [Emphasis Supplied]
"*The Defendant*: No, sir."