**Audrey Mae HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46654.**

Court of Criminal Appeals of Texas.

July 3, 1973.

Goodwin & Matheny, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, upon a plea of guilty before a jury, eighteen (18) years.

Appellant's first ground of error is that she was not properly admonished before the court accepted her plea of guilty.

At the outset, appellant plead not guilty. During the course of the trial she changed her plea to that of guilty.

In the absence of the jury the court admonished appellant as to the range of punishment. He inquired whether her plea was "voluntary" and whether she had adequately discussed her case with her attorney. However, there is an entire absence of any admonishment concerning force or fear, or promise or persuasion. Inquiry concerning these considerations is requisite for minimum compliance with Article 26.13, Vernon's Ann.C.C.P. See Heathcock v. State, Tex.Cr.App., 494 S.W.2d 570, Martinez v. State, Tex.Cr.App., 494 S.W. 2d 545. Cf. Espinosa v. State, Tex.Cr. App., 493 S.W.2d 172, and Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174.

For the error stated, the judgment is reversed and the cause remanded.

ONION, Presiding Judge (concurring).

I concur in the result reached, but would further point out that the admonishment was deficient for failing to inquire if the plea was uninfluenced by any "delusive hope of pardon." I must express my puzzlement at the inference that if there had been an inquiry as to whether the guilty plea was "uninfluenced by any considera-

tion of fear or any persuasion" there has been a minimum compliance with the mandatory provisions of Article 26.13, Vernon's Ann.C.C.P., and any inquiry concerning "delusive hope of pardon" contained in the same sentence of the statute is no longer mandatory or even necessary.

ROBERTS, J., joins in this concurrence.