**David HIGGINBOTHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47287.**

Court of Criminal Appeals of Texas.

July 17, 1973.

**300**

Ronald A. Piperi, Killeen, for appellant.

Joe Carroll, Dist. Atty., Arthur C. Eads, Bob D. Odom, Asst. Dist. Attys., Belton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, three years imprisonment.

The appellant waived his constitutional rights to trial by jury, the appearance, confrontation and cross-examination of witnesses, and entered a plea of guilty before the Court.

The appellant's first ground of error is that there is insufficient evidence in the record to show his guilt, as required by Article 1.15, Vernon's Ann.C.C.P. The record reflects that during the proceeding counsel representing the appellant stated:

"Your Honor, I have discussed this matter with the defendant and he has decided to sign the stipulation in open court, Sir."

The Court then admonished:

"Mr. Higginbotham, do you understand that what you are about to sign is essentially a judicial admission, and do you understand the contents, that they are correct, and do you execute the same willingly?"

The appellant replied:

"Yes, Sir."

The written, sworn stipulation made and executed in open court by the appellant, which was read in evidence, in part, states:

"On Jan. 25th, 1972, in Bell County, Texas, I, being the identical person named in the indictment, did then and there fraudulently take lawful money of the United States of America of the value of over fifty dollars, the same being the corporeal personal property of Allen L. Patton from the possession of the said Allen L. Patton without the consent

of the said Allen L. Patton with the intent to deprive the said Allen L. Patton of the value thereof, and with the intent to appropriate it to my use and benefit, the said David Higginbotham."

■ This constitutes a judicial confession and is sufficient in itself to meet with requirements of Article 1.15, V.A.C.C.P., and to sustain the judgment. See Schreiber v. State, 480 S.W.2d 688 (Tex.Cr.App. 1972); Gonzales v. State, 480 S.W.2d 663 (Tex.Cr.App.1972); Wilson v. State, 465 S.W.2d 171 (Tex.Cr.App.1971); Rose v. State, 465 S.W.2d 147 (Tex.Cr.App.1971) and Adair v. State, 459 S.W.2d 446 (Tex. Cr.App.1970).

The appellant's second ground of error urges that the appellant was not properly admonished as to the consequences of his plea of guilty. The appellant's specific complaint is that the Court "failed to determine if the plea was influenced by a delusive hope of pardon." The record reflects that the Court did fail to interrogate the appellant concerning whether or not his plea was influenced by a delusive hope of pardon.[1]

■ The appellant recognizes that the majority of this Court in Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973) and Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973), have held that the record need not show that the trial court interrogated the appellant in the words of the statute concerning "a delusive hope of pardon," and urges that the Court overrule these decisions.[2] This the majority declines to do and overrules this ground of error.

■ The last two grounds of error urge that the judgment and sentence are void because they fail to reflect that the appellant is guilty of any offense against the laws of this State. Both the judgment and sentence recite that the appellant is adjudged guilty of "theft over fifty as charged in the indictment . . ." The indictment in this case charges the appellant with the theft of ". . . lawful money of the United States of America of the value of over fifty dollars, the same being the corporeal personal property of . . ." The indictment may be considered in construing the judgment and sentence. See Garcia v. State, 453 S.W.2d 822 (Tex.Cr.App.1970) and Ex Parte Droppleman, 362 S.W.2d 853 (Tex.Cr. App.1963).

When the judgment and sentence are construed in light of the allegations of the indictment they are sufficient. These grounds of error are overruled.

The judgment is affirmed.

*Opinion approved by the Court.*

ONION, P. J., and ROBERTS, J., dissent to the disposition of the appellant's second ground of error.

1. No other question concerning the requirements of Article 26.13, V.A.C.C.P. is raised.

2. See the concurring opinion in Heathcock v. State, 494 S.W.2d 570 (Tex.Cr.App. 1973) and the dissenting opinion in Espinosa v. State, 493 S.W.2d 172 (Tex. Cr.App.1973) stating the position of the minority of the Court. See and compare Harris v. State (No. 46,654, July 3, 1973); Ex Parte Williams (No. 47,294, July 3, 1973); Prudhomme v. State, 495 S.W.2d 941 (Tex.Cr.App.1973); Martinez v. State, 494 S.W.2d 545 (Tex.Cr.App.1973) and Clayton v. State, 493 S.W.2d 176 (Tex.Cr.App.1973).