**Joe Y. GAMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48170 and 48171.**

Court of Criminal Appeals of Texas.

March 13, 1974.

James E. Ingram, San Antonio (Court appointed), for appellant.

Ted Butler, Dist. Atty., C. Nick Rothe, Bill Harris, and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant pled guilty to the court at the same time in two cases for the sale of a narcotic drug, to-wit, heroin, and to possession of a narcotic drug, to-wit, heroin; the punishment, ten (10) years and 5 years.

Although not raised in appellant's brief, we note that the admonitions given to appellant when he entered pleas of guilty to these charges did not fully comply with Art. 26.13, Vernon's Ann.C.C.P., which reads:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be ad-

monished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The court correctly informed the appellant of the range of punishment applicable to the charges, after he had told the court he wished to plead guilty, and had waived trial by jury, had signed his agreement to waive the confrontation and cross-examination of witnesses and that evidence might be stipulated, all of which were approved by counsel and the court.

The court then asked appellant:

"THE COURT: Are you pleading guilty to each of these offenses because you feel you are guilty of them?

"MR. GAMEZ (appellant): Yes, sir.

"THE COURT: You are not doing this by reason of fear?

"MR. GAMEZ (appellant): No, sir.

"THE COURT: You are not doing this because anyone has promised you anything?

"MR. GAMEZ (appellant): No, sir.

"THE COURT: You are doing this voluntarily because you are guilty?

"MR. GAMEZ (appellant): Yes, sir."

The court then interrogated counsel for appellant thusly:

"THE COURT: Mr. Graham, have you had sufficient time to confer with your client to form an opinion as to his sanity?

"MR. GRAHAM: Yes, sir. I have and in my opinion he is sane.

"THE COURT: Do you believe he knows the difference between right and wrong and the nature and consequences of his acts?

"MR. GRAHAM: He knows the difference between right and wrong and understands the nature and consequence of his acts and has assisted counsel in preparation of his defense.

"THE COURT: All right. The plea of guilty will be received in each case. The State may offer its proof."

It will be noted that the exact language of Art. 26.13, V.A.C.C.P., was not used. For example, "promises" was used instead of the statutory word "persuasion." There was no question or statement as to "hope of pardon."

As we have often said before, it seems strange that the trial judges cannot read and use the language of Art. 26.13, V.A.C.C.P., and thereby avoid raising the question of inadequate admonitions.

Nevertheless, the majority of this Court has held that a substantial compliance with the statute will suffice, and we hold the admonitions sufficient. Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174; Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172; Higginbotham v. State, Tex.Cr.App., 497 S.W.2d 299.

In our No. 48,171, the appellant's attorney has filed a brief in which he avers that in his opinion this is a frivolous appeal, and shows full compliance with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137. Also, appellant has filed a pro se brief. None of the suggestions in counsel's brief nor in the pro se brief show error.

In our No. 48,170, in which appellant was convicted of the sale of heroin, the appellant claims the evidence was not sufficient to show that he had previously been convicted in Cause No. 65,113 of the possession of heroin on September 23, 1965 in the 175th District Court of Bexar County, as alleged in the second paragraph of the indictment. Both the prior conviction and trial of the case now before us were in the

same court. The judgment and sentence in No. 65,113 are in the record and show the conviction of a Joe Y. Gamez.

When the court called for appellant's plea in our No. 48,170, the following occurred:

"THE COURT: Now, to the indictment in Cause No. 72–1807, which charges you with the sale of heroin to Albert Chevera on the 3rd of July, 1972 and which further alleges that prior to this offense you were convicted of possession of heroin in Cause No. 65,113 on the 23rd of September, 1965; to that indictment how do you plead, guilty or not guilty?

"MR. GAMEZ: Guilty.

"THE COURT: What?

"MR. GAMEZ: Guilty."

When the court had a further hearing on punishment after which probation was denied, appellant used the witness Pedro M. Reyes, to attempt to persuade the court to grant probation so that he could be placed in the Patrician Movement in an effort to cure him of narcotic addiction. This witness revealed that appellant had been convicted on two other occasions and had been a narcotic addict for twelve years.

Appellant testified in his own behalf at which time the following occurred:

"Q And you were previously convicted on two cases of possession of marihuana?

"A Yes, sir. I was.

"Q And one case of possession of heroin?

"A Yes, sir. I was.

"Q And these cases all involve your narcotic addiction?

"A Yes, sir. They do."

■ It is clear that the court was justified in finding that appellant was the same person convicted in 1965 in Cause No. 64,113 as alleged in the second paragraph of the indictment.

■ Appellant has filed a pro se brief, in which he asserts a conspiracy between his attorney and the assistant district attorney to entice him to plead guilty. The record does not support this claim. We have considered his brief and overrule his contentions.

The judgments are affirmed.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., dissent on the ground that Art. 26.13 was not fully complied with.