**Ex parte Marvin DICKERSON.**

No. 48378.

Court of Criminal Appeals of Texas.

April 24, 1974.

Douglas Tinker and Donald B. Bailey, Jr., Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. On February 25, 1972, the applicant, upon entering pleas of guilty, was convicted for the offense of burglary in two cases, cause numbers 14,443 and 14,444. Punishment was assessed at twelve years in each case, the sentences to run concurrently.

The sole complaint is that appellant was not properly admonished under Article 26.-13, V.A.C.C.P., before the trial court accepted his pleas of guilty.

The record reflects that the trial court properly admonished the appellant as to the range of punishment and ascertained that he was sane.

The trial court conducted a habeas corpus hearing and entered findings of fact, concluding that "the trial court did not inquire of the Defendant whether he was influenced by any consideration of fear or by any persuasion or delusive hope of pardon before receiving the Petitioner's pleas of guilty." The evidence supports this conclusion.

Because the trial court did not properly ascertain whether the applicant entered his pleas of guilty by reason of fear, persuasion or hope of pardon, both convictions must be set aside. See Ex parte Scott, Tex. Cr.App., 505 S.W.2d 602.

The relief sought is granted and the applicant is ordered released to the sheriff of Nueces County to answer to the indictments for burglary in trial court cause numbers 14,443 and 14,444.