**William WADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48671.**

Court of Criminal Appeals of Texas.

July 2, 1974.

Don Gladden and Marvin L. Collins, Fort Worth (Court-appointed), for appellant.

Tim Curry, Dist. Atty., T. J. Haire, Jr., R. W. Crampton, Asst. Dist. Attys., Fort Worth and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery. A plea of guilty was entered before the court and punishment was assessed at life.

Appellant contends that the court's admonishment to determine the voluntariness of the plea was not in compliance with Article 26.13, Vernon's Ann.C.C.P.

After appellant entered a plea of guilty, the record reflects the following colloquy:

"THE COURT: Are you pleading quilty because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone held out any hope of pardon or promise of reward in order to get you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Now you realize that upon your plea of guilty to this charge of robbery by assault I must find you guilty and I must sentence you to the penitentiary for not less than five years, any number of years or life in the penitentiary?

"THE DEFENDANT: Yes, sir.

"THE COURT: Be seated."

In the recent case of Ex parte Scott, Tex.Cr.App., 505 S.W.2d 602, where petitioner sought relief in a post-conviction habeas corpus proceeding, this Court was faced with the same defect in the trial court's lack of compliance with Article 26.-13, supra, as confronts us in the instant case. In *Scott*, this Court said:

"The part of Article 26.13, supra, in question is that a plea of guilty should not be received unless that one '. . . is uninfluenced by any consideration of fear, or by persuasion. . . .'"

The Court then distinguished Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174 and Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172, cases relied on by the State herein and concluded, "Because the trial court did not ascertain from the applicant if he entered his plea by reason of fear or persuasion, the conviction must be set aside."

In Cameron v. State, Tex.Cr.App., 508 S.W.2d 618, the concurring opinion stated:

"However, the second part [of Article 26.13, supra] tells us that it must *plainly appear* to the trial court that the defendant is . . . uninfluenced (by fear, persuasion, or delusive hope of pardon). No magic words need be stated by the trial court in making such determination. . . . It is, of course, necessary that the records before us contain sufficient language to show that such does, in fact, plainly appear."

In the instant case the court's admonishment does not include language from which it "plainly appears" that the plea of guilty was "uninfluenced by any consideration of fear or by persuasion."

We conclude that the trial court's admonishment was not in compliance with Article 26.13, V.A.C.C.P., and that such error requires reversal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ODOM, Judge (concurring).

I concur in the opinion of the majority that reversal is required in this case because the record does not contain suffi-

cient language to show that it did in fact plainly appear to the trial court that appellant in pleading guilty was uninfluenced by any consideration of fear. See my concurring opinion in Cameron v. State, Tex.Cr. App., 508 S.W.2d 618, 619.

The dissent would find the single general question "Are you pleading guilty because you are guilty and for no other reason?" sufficient to determine whether a defendant is uninfluenced by any consideration of fear or by persuasion or delusive hope of pardon.[1] Clearly this single general question cannot in one sweep make the absence of all such elements plainly appear.

Mitchell v. State, Tex.Cr.App., 493 S.W. 2d 174, and Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172, were properly decided and the reasoning expressed therein remains sound. On the total set of facts as stated in those cases, this Court found support for the conclusion that the requisites for accepting a guilty plea plainly appeared to the trial court. True, this Court therein noted that no magic words are required to comply with Article 26.13, V.A.C.C.P. The dissent asserts that "Are you pleading guilty because you are guilty and for no other reason?" are the magic words which show compliance. It is the total factual situation as reflected in the record, and not some elaborate *or* shorthand magic formula, that must be considered before determining whether the record contains sufficient language to show the requisites did, in fact, plainly appear.

The dissenting opinion's effort to distinguish Ex parte Scott, Tex.Cr.App., 505 S. W.2d 602, is not convincing. *Scott* was reversed *not* upon the absence of the single general question urged by the dissent as controlling here, but upon the failure of the trial court to "determine if the pleas were voluntarily made uninfluenced by fear, persuasion, or promises," after examination of the entire record. This Court in *Scott* made no suggestion whatsoever that the single question formula urged by the dissent would have been sufficient had it been asked. *Scott*, like the instant case, did not reflect sufficient inquiry by the trial court to justify the conclusion that the stated conditions plainly appeared.

MORRISON, J., joins in this concurring opinion.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction for the failure of the trial court to properly admonish appellant under Article 26.13, V. A.C.C.P. In doing so, part of the language in Ex parte Scott, Tex.Cr.App., 505 S.W.2d 602, is quoted as follows:

> "The part of Article 26.13, supra, in question is that a plea of guilty should not be received unless that one '. . . is uninfluenced by any consideration of fear, or by persuasion. . . .'"

In that case, the accused was admonished as to the range of punishment. As to the voluntariness of the plea, the following occurred:

> "THE COURT: Have you been influenced by any delusive hope of pardon prompting you to confess your guilt?

[1] Although the dissent in this case only asserts that the general question was sufficient to reflect no influence by reason of fear, the logic that "for no other reason" must negate any influence of fear certainly would apply with equal force to negate any influence by persuasion and any influence by delusive hope of pardon. Necessarily, then, the logic of the dissent would dictate that the single question "Are you pleading guilty because you are guilty and for no other reason?" is

sufficient to make it "plainly appear" that there is no other influence, to-wit, fear, persuasion, delusive hope of pardon. Or at most, the dissent's logic would require the asking of "no other reason" thrice, thusly: "no other reason? . . . no other reason? . . . no other reason?", once for each "other reason" which must plainly appear to be of no influence, and then, like the Bellman in Lewis Carroll's "The Hunting of the Snark", proclaim, "What I tell you three times is true."

"DEFENDANT: No."

The present case is distinguishable because in the trial court, before accepting the plea of guilty, the trial judge asked: "Are you pleading guilty because you are guilty and for no other reason?" Appellant answered, "Yes, Sir." This was not done in the Scott case.

In the present case the court also ascertained that appellant did not have any hope of pardon or promise of reward in order to get him to plead guilty.[1]

As in Mitchell v. State, 493 S.W.2d 174, and Espinosa v. State, 493 S.W.2d 172, this Court has noted that no magic words are required to comply with Article 26.13, supra. The judge had the appellant before him. The questioning of the appellant was sufficient to ascertain that neither persuasion nor fear caused the appellant to plead guilty.

The Scott opinion should not be construed as containing magic words that must be followed just as the exact wording of Article 26.13 does not have to be followed.

The language of Judge Learned Hand cited in Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), should be applicable here. It is as follows:

"... We decline to follow what one judicial scholar has termed 'the domino method of ... adjudication ... wherein every explanatory statement in a previous opinion is made the basis for extension of a wholly different situation.'"

The admonishment in the present case, although not in the exact terms of the statute, is sufficient.[2]

The judgment should be affirmed.

1. It is noted that the concurring opinion, in its attempt to construe this opinion for some reason, leaves out the question by the court: "Has anyone held out any hope of pardon or promise of reward in order to get you to plead guilty?", and the answer, "No, sir."

2. The appellant was admonished more fully in another cause where he received a life sentence on the same day. This Court held in a per curiam opinion that it was sufficient.