**Embry Lloyd GUSTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 49538, 49539.**

Court of Criminal Appeals of Texas.

April 30, 1975.

Rehearing Denied May 21, 1975.

Ray Schindler, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

These are appeals from convictions for burglary with intent to commit theft and felony theft. The appellant pled guilty and the court sentenced him to seven years for each offense.

Appellant's only ground of error is that the trial court failed to comply with Article 26.13, Vernon's Ann.C.C.P., when ac-

cepting his pleas of guilty.[1] There is no showing that appellant was prejudiced or injured by the failure of the trial court to fully comply with that article. Cf. Ex parte Taylor, Tex.Cr.App., 522 S.W.2d 479 (1975). Accordingly, this contention could not be raised on collateral attack. *Taylor*, supra. Since it also was not raised by objection to the court below, either at the taking of the pleas or by motion for new trial, it likewise would not be considered by this Court on its own motion. Williams v. State, Tex.Cr.App., 522 S.W.2d 488 (this day decided).

We now extend the rule of *Taylor* and *Williams* to the situation before us: where there is no showing that a defendant was prejudiced or injured by the failure of the trial court to *fully* comply with Article 26.-13, supra, *and* where no objection is made to such failure at the time the plea is accepted or by motion for new trial, that failure to *fully* comply will not constitute reversible error on appeal. This does not alter the rule requiring reversal where there is a showing of prejudice or injury. The demarcation between such cases requiring reversal and those not requiring reversal is best left to a case by case determination. This case, however, clearly falls within the extended rule of *Taylor* and *Williams*. All cases in conflict with our holding herein are overruled.[2]

Finding no reversible error, the judgments are affirmed.

DOUGLAS, Judge (concurring).

I concur in the opinion affirming these causes. What happened during the trial and further reasons for overruling many

decisions should be discussed. Appellant pled guilty and the court sentenced him to seven years for each offense.

Appellant's sole contention is that the trial court failed to comply with Article 26.13, V.A.C.C.P., when accepting appellant's pleas of guilty. Specifically, he contends that the trial court did not question him about "fear" and "persuasion."

The record reflects the following took place prior to the trial court's acceptance of appellant's plea of guilty:

"THE COURT: . . . You are present in court on these two matters with attorney, Mr. Ray Schindler. Is Mr. Schindler of choice?

"MR. GUSTER: Yes, Sir.

"THE COURT: Have you discussed both of these cases fully and thoroughly with him?

"MR. GUSTER: Yes, Sir.

" * * *

"THE COURT: Have you [Mr. Schindler] discussed both of these cases fully and thoroughly with him [appellant]?

"MR. SCHINDLER: Yes, Sir.

"THE COURT: Are you personally satisfied he understands each of the indictments and the result of whatever plea he might enter to them?

"MR. SCHINDLER: Yes, Sir.

"THE COURT: Do you believe the Defendant, Embry Lloyd Guster, to be of sound mind?

"MR. SCHINDLER: Yes, Sir.

---

1. The record reflects that while the court inquired in each case as to whether "any threat" had been made or whether "any promise" had been given to cause the appellant to enter his guilty pleas, there was no inquiry with regard to "fear" and "persuasion."

2. Although not exhaustive, the cases overruled include Wade v. State, Tex.Cr.App., 511 S.W.2d 7; Harris v. State, Tex.Cr.App., 500 S.W.2d 126; Prudhomme v. State, Tex.Cr. App., 495 S.W.2d 941; Martinez v. State, Tex.Cr.App., 494 S.W.2d 545; Crocker v. State, Tex.Cr.App., 485 S.W.2d 566; and Rogers v. State, Tex.Cr.App., 479 S.W.2d 42.

"THE COURT: . . . How do you plead to this indictment charging you with burglary with the intent to commit theft?

"MR. GUSTER: Guilty.

"THE COURT: Are you pleading guilty because you are guilty and not for some other reason?

"MR. GUSTER: Yes, Sir, because I am guilty.

"THE COURT: Now, in connection with this case, has any threat been made to you to cause you to enter this plea of guilty?

"MR. GUSTER: No, Sir.

"THE COURT: Has any promise been given to you, other than the recommendation that the lawyers are going to make to the court concerning this matter as a result of their plea bargaining negotiation process?

"MR. GUSTER: No, Sir.

" *   *   *

"THE COURT: Now, I must caution you that the punishment for the felony offense of burglary with intent to commit theft can be confinement in the Department of Corrections for not less than two years, nor more than twelve years. While the court is going to hear and consider whatever recommendations these lawyers might make in these matters, do you understand, Embry Lloyd Guster, that the court is not bound or obligated to follow that recommendation?

"MR. GUSTER: Yes, Sir.

"THE COURT: Knowing that do you still want to continue in this plea of guilty?

"MR. GUSTER: Yes, Sir.

"THE COURT: Are you a person of sound mind?

"MR. GUSTER: Yes, Sir."

The Court proceeded to ask essentially the same questions of appellant on the felony theft charge and properly admonished him concerning the range of punishment for felony theft. Then the following occurred:

"THE COURT: Very well. I will ask you to state, Embry Lloyd Guster, for the record in these proceedings, what the recommendation in these two cases is that your attorney, Mr. Schindler, has told you is to be made to the court in regard to punishment in these two matters.

"MR. GUSTER: Seven years.

"THE COURT: Seven years' confinement in the Texas Department of Corrections?

"MR. GUSTER: Yes, Sir.

"THE COURT: In each case?

"MR. GUSTER: Yes, Sir.

"THE COURT: All right, Mr. Schindler, is this the recommendation, seven years that you have conveyed to your client, seven years' confinement in the Texas Department of Corrections in each case, this recommendation is the recommendation that you have been discussing with the District Attorney?

"MR. SCHINDLER: Yes, Sir.

"THE COURT: And you have discussed this previously with the Defendant, Embry Lloyd Guster?

"MR. SCHINDLER: Yes, Sir. I have.

"THE COURT: Are you satisfied that he understands that this is what the punishment will be if the court finds it to be a proper recommendation?

"MR. SCHINDLER: Yes, Sir.

"THE COURT: . . . For the record, so that it will reflect further, has anyone told you in either of these cases that the punishment is going to be lighter or the Governor of the State will pardon you in either one or both

of these matters if you entered a plea of guilty rather than having a jury trial?

"MR. GUSTER: No, Sir.

"THE COURT: Very well. The court will accept your plea of guilty. . . ."

After the State placed on its evidence and both sides had rested, the following transpired:

"THE COURT: Both sides having rested, do I understand the recommendation that is being made to the court in these two matters is that of seven years' confinement in the Texas Department of Corrections?

"MR. KARAM: (Prosecuting Attorney) Yes, Sir, Your Honor.

"MR. SCHINDLER: Yes, Sir.

"THE COURT: Embry Lloyd Guster, have you entered these pleas of guilty in these two cases because you are guilty or because of this favorable recommendation?

"MR. GUSTER: Because I am guilty."

The court then accepted the pleas.

The trial judge complied with Article 26.13, supra, by first properly admonishing the appellant concerning the range of punishment, and then determining, based on all the information at his disposal including questions asked and the responses given, that it plainly appeared that appellant was mentally competent and was uninfluenced by any consideration of fear or persuasion or delusive hope of pardon prompting him to plead guilty. See Valdez v. State, 507 S.W.2d 202 (Tex.Cr.App.1974); Gamez v. State, 506 S.W.2d 618 (Tex.Cr.App.1974); Tupper v. State, 506 S.W.2d 858 (Tex.Cr.App.1974); Bosworth v. State, 510 S.W.2d 334 (Tex.Cr.App.1974); and Atkins v. State, 515 S.W.2d 902 (Tex.Cr.App.1974). See also Tellez v. State, Tex.Cr.App., 522 S.W.2d 500 (decided this date).

The voluntariness of a plea of guilty is certainly more obvious when the plea bargaining process and the understandings of the parties involved, especially those of the defendant, are all brought out in open court. That was the case here. The judge, realizing that plea negotiations had occurred prior to the trial, made sure that the appellant understood what had gone on and also emphasized that the trial judge was not bound by such recommendations.

This openness of the plea bargaining process can only help the administration of justice. There is no sham and there is no pretended ignorance of the prior dealings between the appellant's attorney and the prosecuting attorney. This procedure is endorsed by the American Bar Association, Standards for Criminal Justice. The ABA Standard, Pleas of Guilty, Section 1.5, Approved Draft, 1968, states:

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether other promises or any force or threats were used to obtain the plea."

It is important to emphasize that the trial judge is not involved in the plea bargaining process. But the inquiry in open court concerning the plea bargaining process enhances the trial judge's capability of determining the voluntariness of the guilty plea. Such a procedure is recommended. See Williams v. State, Tex.Cr.App., 522 S.W.2d 483 (decided this date).

ONION, Presiding Judge (dissenting).

Article 26.13, Vernon's Ann.C.C.P., provides:

"If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is mentally competent, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

In his only contention on direct appeal appellant complains that the trial court erred in not complying with the statute by inquiring whether his guilty pleas were prompted by any consideration of fear and persuasion.

The record reflects that while the court inquired in each case as to whether "any threat" had been made or whether "any promise" had been given to cause the appellant to enter his guilty pleas, there was no inquiry with regard to "fear" and "persuasion." It is clear that the statutory terms of "fear" and "persuasion" are considerably broader than the terms "threat" or "promise."

Although this court even as presently constituted had for many years held the provisions of Article 26.13, Vernon's Ann. C.C.P., mandatory, see Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972), the court in Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973), and Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973), held that the court in a felony case no longer needed to inquire whether a guilty plea was prompted by a "delusive hope of pardon." See also Higginbotham v. State, 497 S.W.2d 299, 300 (Tex.Cr.App.1973).

The majority in *Espinosa* and *Mitchell* did not explain how they could give less weight to "delusive hope of pardon" than "any consideration of fear" or "any persuasion" found in the same sentence of the mandatory statute. Apparently, however, they, at least for a time, looked upon an inquiry as to "fear" and "persuasion" as essential to satisfy the "minimal requirements" or reflect a "minimal compliance" with the statute.

For example, in Harris v. State, 500 S. W.2d 126 (Tex.Cr.App.1973), the majority speaking through Judge Morrison held that a mere inquiry as to whether the plea was voluntary was insufficient, but that the "minimal requirements" of Article 26.13, supra, as to consideration of *fear* or *persuasion* "must be inquired into and appear of record."

In Heathcock v. State, 494 S.W.2d 570 (Tex.Cr.App.1973), the conviction was reversed, the court's opinion being by Judge Morrison. The opinion noted that no inquiry as to "promise" or "persuasion" was made and stated, "We have concluded that the admonition with this omission fails to meet the requirements of the statute."

In Martinez v. State, 494 S.W.2d 545 (Tex.Cr.App.1973), the conviction was reversed. Judge Morrison, writing the opinion, observed that the trial court had no inquiry as to "force," "fear," "promise" or "persuasion."

In Mayse and Ross v. State, 494 S.W.2d 914 (Tex.Cr.App.1973), the majority speaking through Judge Odom began to inch away from even the so-called "minimal requirements" established by the majority. The opinion there held the inquiry as to whether the guilty plea was prompted by any *force* or *coercion* or *promise* was sufficient to comply with the statute. In a dissenting opinion Judge Roberts observed there was an absolute void as to an inquiry concerning whether any *persuasion, fear* or *delusive hope of pardon* as required by the mandatory statute. He added, "Trial judges are now put on notice that they need not comply with Article 26.13, V.A. C.C.P. So long as any sloppy effort is put forth in accepting a guilty plea, the majority will accept it as 'sufficient compliance'."

It became clear from these cases that the majority had added "force" and "promise"

to the statute while eliminating "delusive hope of pardon." Nevertheless, it appeared on occasions, with some lapses, that the majority was still requiring inquiry as to "fear" and "persuasion." [1]

In Ex parte Scott, 505 S.W.2d 602 (Tex.Cr.App.1974), an opinion by Judge Douglas, the conviction was reversed for the failure to ascertain whether the guilty plea was "by reason of fear or persuasion." See also Ex parte Dickerson, 508 S.W. 2d 387 (Tex.Cr.App.1974).

In Bosworth v. State, 510 S.W.2d 334 (Tex.Cr.App.1974), the necessity of an inquiry as to "persuasion" was eliminated despite the earlier decision. In a dissenting opinion in Bosworth this writer wrote, "One is left to wonder if any inquiry as to 'fear' is still required or whether it is also gone with the wind."

In Wade v. State, 511 S.W.2d 7 (Tex. Cr.App.1974), the majority of the court held that inquiry was fatally defective because of a failure to inquire if the guilty plea was due to "fear" or "persuasion." The concurring opinion by Judge Odom, joined by Judge Morrison, agreed to the result reached on the grounds that the record was insufficient to show the defendant "in pleading guilty was uninfluenced by any consideration of fear." [2] Apparently the statutory requirement as to an inquiry as to *fear* was still alive and well. See also Ex parte Watson, 508 S.W.2d 399 (Tex.Cr.App.1974); Pigg v. State, 508 S. W.2d 652 (Tex.Cr.App.1974); Cevilla v. State, 515 S.W.2d 676 (Tex.Cr.App.1974).

Now confronted in the instant case with an admonishment which did not include either "fear" or "persuasion" and obviously

recognizing their past efforts to emasculate the mandatory statute have not been consistent or logical, the majority seizes upon the opinion in Ex parte, Taylor, 522 S.W.2d 479 (Tex.Cr.App.1975), to make another stab at doing the statute in. In *Taylor*, on original submission, this court held that a failure to comply with Article 26.13, supra, could not be raised by collateral attack, overruling numerous cases to the contrary. The opinion clearly stated, "By our holding today, we do not in any way diminish the requirement of complying with Article 26.13. . . . " and added in footnote #2, "Our holding does not apply to cases on appeal."

Despite such language, the majority in Williams v. State, 522 S.W.2d 483 (Tex. Cr.App.) (this day delivered), advanced the theory that *Taylor* supported the non-review on direct appeal of a violation of the mandatory provisions of Article 26.13, supra, if it was unassigned error. In the instant case the majority has sought to extend the so-called *Taylor-Williams* rule to situations where the claimed violation of the statute is raised by a ground of error in the appellate brief filed in the trial court in accordance with Article 40.-09, Sec. 9, Vernon's Ann.C.C.P., and holds that the failure of the trial court to fully [3] comply with the statute, even if such failure is supported by the record, is not reviewable unless there is a showing of prejudice or harm and the record reflects that there was an objection at the time of the plea or by motion for new trial.

This new approach may not last any longer than the majority's "substantial compliance" approach, which was a label for a conclusion, not a test to be applied, or the semicolon approach advanced in

---

1. See, i. e., Johnson v. State, 500 S.W.2d 115 (Tex.Cr.App.1973).

2. This concurrence noted that the dissenting opinion by Judge Douglas would find the single question "Are you pleading guilty because you are guilty and for no other reason?" sufficient to determine whether a defendant is uninfluenced by any consideration of fear or persuasion of delusive hope of pardon. This approach was rejected by the concurrence.

3. In light of other earlier opinions of the majority, one is left to wonder the meaning of the trial court "fully" complying with the mandatory statute.

Cameron v. State, 508 S.W.2d 618 (Tex. Cr.App.1974) (Concurring Opinion).

For the reasons stated, I must vigorously dissent. See Taylor v. State, supra (Dissenting Opinion on Motion for Rehearing); Williams v. State, supra (Dissenting Opinion); Tellez v. State, 522 S.W.2d 500 (Tex.Cr.App.) (Dissenting Opinion); Bosworth v. State, 510 S.W.2d 334 (Tex. Cr.App.1974) (Dissenting Opinion).

ROBERTS, J., joins in this dissent.