Cecil T. KELLEY, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–297 CR.

Court of Appeals of Texas, Beaumont.

June 21, 1989.

Louis Dugas, Jr., Orange, for appellant.

David P. Bosserman, Orange, for state.

### OPINION

BROOKSHIRE, Justice.

Appeal from an order revoking probation. Appellant had previously pleaded guilty to the felony offense of possession of a controlled substance. The indictment, in summary, set forth that Cecil T. Kelley, III, and another defendant, acting together, did then and there, on or about July 27, 1986, intentionally and knowingly possess a controlled substance, to-wit: methamphetamine in an amount, by aggregate weight, including adulterants and dilutants, of 400 grams or more.

The Appellant's case, on the original indictment, was called for trial on July 13, 1987, when the Appellant and his selected attorney of record appeared. The State announced ready and our Appellant then, in person and in open court, pleaded guilty of the charge of possession of a controlled substance *as alleged in the indictment.* The judgment of the 260th District Court of Orange County, Texas, recited that the defendant was admonished by the court of the consequences of his plea, including the minimum and maximum punishment and the said defendant persisted in pleading guilty. The trial court further found that it plainly appeared to the district judge that the said defendant was sane and was not influenced in making the said plea of guilty by any consideration of fear, or by persuasion or delusive hope of pardon that prompted the defendant, Kelley, to plead guilty.

Other admonitions and warnings were given and a number of waivers were properly signed, including a waiver in writing of the right to trial by a jury. The trial court heard additional evidence and, having heard argument of counsel, found that the defendant was guilty, as confessed by him, of the offense of the possession of a controlled substance; the said offense having been committed on July 27, 1986.

On April 27, 1988, a Motion to Revoke Probated Judgment was filed by the assistant county attorney of Orange County. The motion recited the prior felony conviction, the 8 years confinement in the State Penitentiary and the probation of the 8 years sentence. The motion to revoke set out various terms and conditions of the said probation. The motion, by its allegations, pointed out to the trial court that the Appellant had violated several of the terms and conditions of his probation in that, on or about January 21, 1988, in Orange County, Texas, the Appellant did then and there intentionally and knowingly possess a controlled substance; namely, methamphetamine, in an amount by aggregate weight, including adulterants and dilutants, of less than 28 grams and, additionally, the said Appellant did intentionally and knowingly remain on certain property without the effective consent of one Don Woods, the owner thereof, and that the Appellant had received notice to depart but failed to depart. Further, the motion alleged that the Appellant had failed to report for the months of November and December, 1987, and March of 1988 to his probation officer; also, that the defendant was $105.00 delinquent in payment of his probation fees and $239.00 delinquent in payment of the fine and costs. The motion of the State pleaded several other grounds for revocation. The motion averred that the Appellant was intoxicated on January 21, 1988, and that he had violated his curfew and that he had failed to attend the Orange County Council of Alcohol and Drug Abuse.

The Appellant filed objections to the judgment and motion to revoke, stating that they were vague and insufficient and failed to specify the offense for which the Appellant had been previously convicted. Attached to the objections were several

exhibits. One of the exhibits was the plea bargain, more correctly entitled the "Agreed Punishment Recommendation". It was signed and agreed to by the Appellant and his trial attorney and it set out, as a part of the agreed punishment recommendation, the indictment, except certain introductory, formal wording. By the Appellant's own objections to the motion, it was shown that he had pleaded guilty, originally and initially, to the possession of a controlled substance, to-wit: methamphetamine, in an amount by aggregate weight, including adulterants and dilutants, of 400 grams or more. Also included in his objections to the motion, as set forth in the Appellant's own exhibit, were, inter alia, the punishment recommendations, the mental competency to stand trial, the finding, upon an inquiry, by and of the court that the plea was voluntary and the judicial confession was valid.

The judicial confession recited that, in open court and under oath, the defendant, Cecil T. Kelley, III, on the date of July 13, 1987, *judicially confessed to the indictment and admitted that he had committed each and every element alleged in the indictment and that he was guilty as charged.*

The hearing was held on the motion to revoke. The Appellant appeared in person with his attorney of record. The objections to the motion were overruled. The Appellant then pleaded "true" to violating the following conditions:

1. Report to the probation officer as directed by the judge and to obey all rules and regulations of the probation department;

2. To report once a week to the probation office;

3. Pleaded true to the failure to pay the fine of $1,000.00 and failure to pay the court costs and failure to pay the probation fee of $25.00 per month;

4. Pleaded true to failure to attend the Orange County Council on Alcohol and Drug Abuse for evaluation.

Appellant pleaded "not true" to the remaining allegations. It was established, at the revocation hearing, that there had been a reduction, apparently by agreement, from over 400 grams of methamphetamine, as alleged in the original indictment, to a quantity of between at least 28 grams and less than 400 grams. That was the *reduced offense to which the Appellant had entered his plea of guilty as clearly demonstrated by the record.*

At the hearing on July 13, 1987, when the Appellant pleaded guilty, the careful trial judge, among other inquiries and warnings, asked of the then trial defense counsel if the defense counsel felt that the Appellant was mentally competent to stand trial. The response was: "Absolutely, Judge". The trial court also showed to the Appellant an instrument entitled "Stipulation of Evidence". The trial court asked the Appellant if he had had a chance to go over that stipulation with an attorney of his own selection and if he understood it and if everything therein was true and correct and had he signed the same. To all of the inquiries, the Appellant, then the defendant below, answered unequivocally: "Yes, sir". The record clearly shows that the then defendant in the District Court of Orange County understood that he was confessing in open court to the possession of methamphetamine.

A presentence investigation report was called for and, in August of 1987, a second hearing on revocation was held. *The plea bargaining agreement was fully explained and the Appellant requested the court to follow the plea bargaining arrangement. The court pronounced that the defendant was, in fact, guilty as alleged in the indictment and the Appellant unequivocally acknowledged that the probation department had gone over all of the terms and conditions of his probation.* The Appellant had no questions at all about what was expected of him under the terms and conditions of his probation.

Cecil Kelley, III, appeals on one point of error charging that the judgment that convicted him and placed him on probation was void and that the trial court, thereby, committed reversible error in revoking his probation. We disagree and affirm the revocation.

The Appellant complains that his original judgment of conviction failed to specify the offense for which he was convicted. Appellant places his reliance on the argument that the judgment merely stated the offense as being "possession of a controlled substance". Hence, he argues, the judgment fails to name the controlled substance and the Appellant also argues that the judgment is void for failing to specify the offense for which the Appellant was convicted, citing as his authority TEX.CODE CRIM.PROC.ANN. art. 42.01, sec. 1(13) (Vernon Supp.1989). He maintains, basically, that the terms "possession of a controlled substance" is merely a global, generic term. Appellant advances that, in order to protect himself from possible double jeopardy, the offense must specifically set out the controlled substance by name and, since the judgment in his case does not do so, then the judgment is void.

In Ex parte Droppleman, 362 S.W.2d 853 (Tex.Crim.App.1962), the judgment was attacked as being void because that judgment recited that the court below had found the petitioner, Droppleman, guilty of the offense of "possession of narcotic drug". The Court of Criminal Appeals stated that the indictment, however, contained the additional averment, "to wit, morphine". The challenged and attacked judgment had recited that the petitioner, Droppleman, "entered his plea of 'guilty' to the charge contained in the indictment". That is exactly what Cecil Kelley, III, did in this proceeding. The Court of Criminal Appeals wrote, in Droppleman, at page 855:

"In Ex parte Stewart, 160 Tex.Cr.R. 483, 271 S.W.2d 945, a collateral attack upon a judgment on a plea of guilty, *we held that the indictment might be looked to in construing the judgment and sentence.* See also Ex parte King, 156 Tex. Cr.R. 231, 240 S.W.2d 777." (Emphasis added)

We determine that the Appellant here definitely and with full knowledge realized and appreciated the offense to which he pleaded guilty and that the controlled substance was methamphetamine. The original judgment and sentence entered is not subject to an attack of the nature now belatedly made by the Appellant. *See Higginbotham v. State,* 497 S.W.2d 299 (Tex.Crim.App.1973). In *Higginbotham, supra,* the Court of Criminal Appeals unequivocally stated, at page 301:

"... The indictment may be considered in construing the judgment and sentence...."

The Court then cited *Garcia v. State,* 453 S.W.2d 822 (Tex.Cr.App.1970) and *Ex parte Droppleman,* 362 S.W.2d 853 (Tex.Cr.App. 1962).

If the judgment below needs to be reformed, our Court of Appeals has the right and prerogative to reform it. An interesting and persuasive case is *Gonzales v. State,* 527 S.W.2d 540 (Tex.Crim.App.1975). Gonzales made an appeal from an order revoking probation, as does Cecil Kelley, III. However, Gonzales was indicted for the offense of assault to murder with malice. Upon trial, Gonzales was found guilty of assault to murder without malice, whereupon the trial court assessed punishment against Gonzales at 5 years, with probation. The original judgment against Gonzales recited only that he was convicted of an assault with the intent to kill, but every other subsequent document, including the judgment of probation, the motion to revoke probation, the order revoking probation, as well as the sentence, definitely indicated that the conviction was for assault to murder without malice. In this state of the record, the Court of Criminal Appeals simply reformed the judgment to reflect that Gonzales had been found guilty of assault to murder without malice.

In order to allay the fears, if any, of the Appellant concerning the possibility, if any, of his being placed in true, meaningful, practical double jeopardy, we reform the judgment, made and entered August 10, 1987, signed by Buddie J. Hahn, Judge Presiding, to read:

"The said defendant is guilty of the offense of possession of a controlled substance, to-wit: methamphetamine of between 28 grams and less than 400 grams."

The revocation of probation and sentence entered and pronounced in the District Court are here affirmed.

AFFIRMED.