Charlie **ALEXANDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46940.

Court of Criminal Appeals of Texas.

June 6, 1973.

Stephen L. Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Conviction by a jury on plea of guilty of attempting to pass a forged instrument, knowing the same to be forged; punishment by the jury, five years.

Appellant was charged by indictment with robbery by assault of Ivory H. Hall on September 11, 1971, and of attempting

to pass a forged credit slip to Claude Mc-Cracken on September 13, 1971. By agreement of all parties the cases were tried together before the same jury. Appellant plead not guilty to the robbery, but plead guilty to the attempt to pass the forged credit slip. He was convicted in the robbery case and the appeal thereof will be dealt with in a separate opinion.

The evidence shows that appellant and another robbed Ivory H. Hall by assault and by using a pistol, and took from him certain money and his billfold containing credit cards, among which was a Master Charge credit card. Hall identified him positively. Later appellant went to Bond's Clothing Store and undertook to purchase $120.75 worth of clothing on credit by the use of Hall's Master Charge credit card. He signed the charge slip by printing the name of Ivory H. Hall on it. The charge slip was introduced in evidence as State's Exhibit No. 3. It contained a promise to pay the amount of the bill, $120.75, and by its terms would have created a pecuniary obligation, if true. The manager of the store was Claude McCracken, and appellant attempted to get him to accept the instrument. While waiting for McCracken to accept the credit slip, appellant became suspicious and left the store without the merchandise, and was arrested a short distance away after he had boarded a bus. McCracken, Miss Green, the clerk who waited on appellant, and another employee of the store all positively identified appellant, who did not testify.

After being fully and properly admonished as required by Article 26.13, Vernon's Ann.C.C.P., appellant understandingly and voluntarily entered a plea of guilty herein; nevertheless, he duly gave notice of appeal.

■ In his brief appellant complains that the chain of custody of State's Exhib-

its Numbers 1, 2 and 3 was not shown. These were a Master Charge credit card, a Levine's credit card, and the credit slip which appellant signed. The credit cards were identified by Hall as having been taken from him in the robbery by appellant, and the credit slip which appellant signed with Hall's name was identified by Mc-Cracken and Miss Green, the clerk who waited on him and saw him sign it. No question of chain of custody was involved, Garcia v. State, Tex.Cr.App., 453 S.W.2d 822.

■ In a supplemental brief appellant pro se contends that the court should have granted his motion for continuance filed after the jury was impaneled and sworn, to allow his counsel more time to prepare for trial.

The trial of this case was held on November 24, 1971. The attorney was appointed to represent appellant on October 29, 1971, and was notified of his appointment on that date. The motion to postpone or continue was filed by appellant pro se and was not joined in by his attorney. Both sides announced ready for trial. The motion is not in compliance with the provisions of Article 29.08, V.A.C.C.P., in that it was not sworn to.

The court did not err in overruling the motion for continuance. Art. 26.04(b), V.A.C.C.P.; Klechka v. State, Tex.Cr.App., 429 S.W.2d 900.

The other arguments of appellant in his pro se briefs have been considered and are overruled.

We find no reversible error in the record and affirm the judgment.

ONION, P. J., concurs in the result.

Opinion approved by the Court.