**Charlie ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46941.

Court of Criminal Appeals of Texas.

June 6, 1973.

Rehearing Denied June 27, 1973.

Stephen L. Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was by a jury on a plea of not guilty for robbery by assault; the punishment by the court, life, enhanced under Art. 62, Vernon's Ann.P.C.

This is the case referred to in our case 499 S.W.2d 144 (Tex.Cr.App.) tried at the same time.

The indictment alleged that appellant robbed Ivory H. Hall by assault on September 11, 1971, and in a second count that he had previously been convicted of robbery on May 3, 1965, in the same court in Dallas. The jury found appellant guilty, he plead "true" to the second count alleging the prior conviction, and after further evidence, the court, at the election of appellant, found that he had previously been convicted of robbery as alleged, which resulted in the assessment of a life term.

The evidence showed that appellant and another robbed Ivory H. Hall in his office on the morning of September 11, 1971, on Saturday, of $161.50 in money and his billfold containing among other things a Master Charge credit card issued to Hall, by exhibiting a pistol. Hall positively identified appellant as one of the robbers, the man who had the pistol and was most active in the transaction.

On the following Monday, September 13, 1971, appellant went to Bond's Clothing Store in Dallas and attempted to purchase $120.75 worth of merchandise by the use of the Master Charge credit card of Ivory H. Hall taken in the robbery the previous Saturday. He claimed to be Hall and signed Hall's name to the credit slip for the purchase of the merchandise, but became suspicious and left the store without the merchandise and was arrested shortly afterwards after he had boarded a bus.

Three employees of Bond's Clothing Store positively identified appellant as the man who had and was attempting to use Hall's Master Charge credit card on this occasion.

Appellant did not testify on the guilt-innocence stage of the trial, but offered witnesses in an attempt to establish an alibi. The court charged the jury on this affirmative defense, but the jury by its verdict resolved this issue against appellant when he was found guilty.

■ Appellant's two attorneys appointed by the court raise only one ground of error in their brief; namely, that the court erred in allowing State's Exhibits 1, 2 and 3 into evidence because it is claimed there was not a sufficient showing of chain of custody.

The exhibits were the Master Charge credit card, a Levine's credit card, and the credit slip signed by appellant with the name of Ivory Hall at Bond's Clothing Store. The credit cards were identified by Hall as having been taken from him in the robbery by appellant and the other man, and the credit slip which appellant signed with Hall's name was identified by Claude McCracken, manager of Bond's Clothing Store, and by Stella Green, the clerk who waited on him and saw him sign the credit slip. Garcia v. State, Tex.Cr.App., 453 S. W.2d 822.

No question of chain of custody was involved, and we overrule this ground of error.

■ Appellant by pro se briefs complains because this trial court did not grant his pro se motion to postpone or continue this case to allow his counsel more time to prepare.

Counsel was appointed to represent appellant on October 29, 1971. The trial was held on November 24, 1971. The motion was not sworn to as required by Art. 29.08, Vernon's Ann.C.C.P. It was not joined in by his two attorneys. Both sides announced ready for trial. The court did not err in denying the motion. Art. 26.04(b), V.A.C.C.P.; Klechka v. State, Tex.Cr. App., 429 S.W.2d 900.

We overrule this ground of error.

The other contentions contained in appellant's pro se brief have been considered and are overruled.

We find no reversible error and affirm the judgment.

ONION, P. J., concurs in the result.

Opinion approved by the Court.