Charles ATKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49155.

Court of Criminal Appeals of Texas.

Nov. 20, 1974.

James H. Chesnutt, II, Beaumont, for appellant.

Tom Hanna, Dist. Atty., Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, 22 years.

We are met at the outset with an allegation of deprivation of due process in that appellant was retried in this cause alone solely for vindictive purposes. We will state the sequence of events.

On the 19th day of April 1971, this appellant entered a plea of guilty to two indictments charging the offense of robbery. His punishment was assessed at 12 years in each case. The court ordered the terms to be served concurrently, and notice of appeal was timely given.

On May 28, 1971, appellant and several other inmates effected their escape from the Jefferson County Jail. No violence was connected with the escape.

Appellant was "returned to custody" on July 8, 1971.

On January 13, 1972, an indictment against appellant was returned charging him with this escape.

On February 18, 1972, appellant plead guilty to this indictment, and his punishment was assessed by a jury at three years. There was no order of cumulation in the sentence.

On February 18, 1972, the court granted appellant's motion for new trial in this cause and denied his motion as to the companion cause against this appellant, the appeal of which is reported as Atkins v. State, Tex.Cr.App., 515 S.W.2d 902 (No. 49, 154, this date decided.)

On June 19, 1972, this cause was again called for trial. A plea of not guilty was entered, and a jury was demanded. The trial resulted in a verdict assessing appellant's punishment at 22 years. There was no order of cumulation in the sentence.

We move immediately to consideration of the opinions of the Supreme Court of the United States in this area.

■ As we view this record, the rule in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) was not violated because the second trial was before a jury, and the jury was not informed of the fact that appellant had previously plead guilty and received a lesser sentence.

The logic in Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), appears to have been complied with because the determination of guilt and the assessment of punishment by the jury was a fresh determination uninfluenced by the prior proceedings. See also Colten v. Kentucky, 407 U.S. 104, 92 S.Ct.1953, 32 L.Ed. 2d 584 (1972).

■ The error in Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d

628, (1974), is not present because the same indictment for the same offense was utilized in both the plea of guilty and the trial on the plea of not guilty before the jury. The fact that proof was made at the subsequent jury trial concerning the escape and the fact that the punishment was increased is no indication of vindictiveness on the part of the prosecution because the proof of the escape was legitimate evidence at a new trial which had been granted at the appellant's request.

We find no merit in, nor evidence to substantiate, appellant's contention that the action of the trial court in granting a motion for new trial in this case and denying such a motion in our cause, Tex.Cr.App., 515 S.W.2d 902, No. 49,154, was vindictive within the ambit of the cases heretofore discussed.

In the second ground of error appellant contends that the trial court erred in admitting into evidence weapons, clothing and ammunition taken from appellant's automobile at the time of his arrest, and in admitting testimony that certain money and credit cards were found in appellant's vehicle at the same time because the State failed to "lay a sufficient chain of custody predicate for the admission of such evidence." The legality of the search is not questioned.

The record reflects that at the time of the arrest Officer May searched the vehicle and removed three pistols, ammunition, a wallet, a shirt and a bag containing money and credit cards bearing the name of Gilcrease (one of the persons who was robbed). Officer May testified he gave them to his partner, Officer Johnson, at the scene and, together with appellant and his codefendants, they drove to Winnie, where he saw Officer Johnson transfer the items to Detective Fontenot of the Port Arthur Police Department.

Fontenot testified that in the presence of May he received from Johnson three pistols, a wallet, money, ammunition, a credit card with the name Gilcrease on it, a Texas driver's license and four pocket knives. No mention was made of the shirt. Fontenot further testified that he marked the pistols and the envelopes in which the other items were placed and then deposited everything in the police evidence locker.

Officer Johnson did not testify.

An investigator for the Jefferson County District Attorney's office testified that he had turned over to the victim's father money and four credit cards bearing the victim's name, which he had retrieved from the evidence vault in the district attorney's office.

■ The money and the credit cards in question were not introduced in evidence. Their chain of custody need not be shown. Morgan v. State, Tex.Cr.App., 490 S.W.2d 581.

■ The wallet (which contained the driver's license) and the snake skin print shirt were easily identifiable at trial as being the particular items originally recovered by the officers. Ordinarily, when this is true, the question of chain of custody is not involved. Anderson v. State, Tex.Cr.App., 504 S.W.2d 507; Alexander v. State, Tex.Cr.App., 499 S.W.2d 144. For this reason, no error was committed by the trial court in admitting the wallet containing a driver's license bearing the name of the victim. Any lack of positiveness in the identification of the shirt goes to the weight of the evidence, rather than its admissibility. Sherman v. State, Tex. Cr.App., 501 S.W.2d 649.

■ The pistols and ammunition had been marked for identification by Detective Fontenot and placed in the police property room. At trial they were identified by reference to Fontenot's markings. This, in the absence of a showing that the items had been tampered with, constituted sufficient showing of chain of custody. De Leon v. State, Tex.Cr.App., 505 S.W.2d 288.

The record reflects there is no direct evidence which attests to the fact that the four pocket knives in question were taken from appellant's automobile along with the rest of the items. Detective Fontenot testified that he was unaware of how officer Johnson came into possession of any of the knives. Officer May did not mention the pocket knives in his testimony.

As a general rule, a judgment will not be reversed for an error in admission of evidence which did not in fact injure the defendant. Cunningham v. State, Tex.Cr. App., 500 S.W.2d 820. The error, if any, in the admission of the knives was harmless. The knives were not used in the commission of the offense charged. The pistols were, and they were properly identified.

Finding no reversible error, the judgment is affirmed.