Charles ATKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49154.

Court of Criminal Appeals of Texas.

Nov. 20, 1974.

Rehearing Denied Dec. 11, 1974.

David J. Kreager and James Sparks, Jr., Beaumont, for appellant.

Tom Hanna, Dist. Atty., Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by firearms; the punishment, on a plea of guilty to the court, twelve years.

This is a companion case to Atkins v. State, Tex.Cr.App., 515 S.W.2d 904.

Appellant contends the trial court failed to properly admonish him under Art. 26.13, Vernon's Ann.C.C.P. Specifically, he claims the court failed to inquire whether his plea was influenced by any consideration of fear or by any persuasion or by any delusive hope of pardon.

After appellant waived the formal reading of the indictment, the following colloquy occurred:

THE COURT: What is the plea of the defendant?

MR. KRAEGER: Your honor, defendant desires to plead guilty in both cases.

THE COURT: Allow him to speak up. Stand up, Mr. Atkins and advise the court whether or not you plead guilty or not guilty in these two cases.

DEFENDANT: I plead guilty, your honor.

THE COURT: Mr. Atkins, you have had almost a couple of hours to discuss

the nature of these indictments with your attorney, but I am going to review them with you a moment in order that I might ascertain whether or not you are aware of these two cases. You have been charged with the offense of robbery by the use of firearms. What the court wants to be sure of is that you understand what you are doing, and secondly, that you are doing so without restraint or coerced by anybody. You understand that?

DEFENDANT: Yes, sir.

THE COURT: First of all, I want to be sure you understand what the charge of robbery by the use of firearms consists of. Are you satisfied that the conduct you engaged in comes under the nature of this crime?

DEFENDANT: Yes, sir.

THE COURT: In effect, then, what I am asking you is what you did was robbery by firearms and you did that?

DEFENDANT: Yes, sir.

THE COURT: In each of these cases that you have been indicted in, the punishment range is for a period of years not less than five to a maximum of life in the penitentiary. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: You understand the punishment assessed against you could be any number of years within that minimum or maximum limit?

DEFENDANT: Yes, sir.

THE COURT: And that is individually in each case. You understand that?

DEFENDANT (sic): Has anybody made any promises to you or promised you any leniency relative to the punishment that will be assessed against you in this matter?

DEFENDANT: No, sir.

THE COURT: Has anybody in any way forced you to enter a plea of guilty or threatened you or abused you in any way to make you want to plead guilty in this case?

DEFENDANT: No, sir.

THE COURT: You are not under pressure from anybody to plead guilty in this case?

DEFENDANT: No, sir.

THE COURT: And you are telling the court that you are pleading guilty because you are guilty of this offense?

DEFENDANT: Yes, sir.

THE COURT: And you are further advising the court at this time that you understand the nature of the offense charged against you and you are freely and voluntarily entering a plea of guilty in this case?

DEFENDANT: That's right.

■ The court's admonishment concerning the voluntariness of appellant's plea, though not in the exact words of the statute, reflects sufficient compliance with Art. 26.13, supra. Tupper v. State, Tex. Cr.App., 506 S.W.2d 858.

■ Appellant also contends the court did not correctly state the possible range of punishment. Article 1408, Vernon's Ann.P.C., provides the punishment for robbery "with a firearm" as "death or by confinement in the penitentiary for any term of years not less than five." The court admonished him that the range of penalty was "for a period of years not less than five to a maximum of life in the penitentiary."

Since the State did not file a motion stating it would seek the death penalty, death was not a possible punishment, and the court's omission of death was therefore correct. Article 1.14, Vernon's Ann.C.C.P. Jackson v. State, Tex.Cr.App., 478 S.W.2d 546. The court's statement of the range

of punishment is almost identical to that in Cameron v. State, Tex.Cr.App., 508 S.W.2d 618. Appellant could not have been misled to his detriment by the admonition. See also Jorden v. State, Tex. Cr.App., 500 S.W.2d 117.

Finding no reversible error, the judgment is affirmed.

ONION, P. J., concurs in the results.