

# NUMBER 13-09-329-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STEPHEN O'DONOGHUE,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                                **Appellee.**

## On appeal from the 28th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

A jury convicted appellant, Stephen O'Donoghue, of felony driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (Vernon 2003). After finding that he had two prior felony convictions, the jury assessed punishment at twenty-five years' imprisonment. By three issues, appellant contends the evidence is legally and factually

insufficient to establish that he was operating the car involved in the collision, that trial counsel rendered ineffective assistance, and that the trial court abused its discretion in admitting lay opinion testimony. We affirm.

## I. FACTUAL BACKGROUND

### A. State's Evidence

About 10:45 p.m. on March 28, 2008, three witnesses saw a one car accident occur on the Oso Bay turnaround in Corpus Christi. The first witness, Susan Dobie, saw a car traveling at a high rate of speed on the turnaround. Dobie testified that she was approximately 75-100 yards away when the accident occurred. The car jumped a concrete barrier, went into the water, and burst into flames. Dobie testified that she never saw anyone exit the driver's side of the car. However, she saw a man coming up from the rocks five minutes after the car burst into flames. She stated that from her line of sight, it was not possible that someone else could have exited the car and swam away. Dobie was not able to identify the appellant in court.

The second witness, Lonnie Ribeschlaeger, testified that the lighting around the accident scene was "pretty good." Ribeschlaeger stated that he was approximately 100 yards away from the scene of the accident. Ribeschlaeger saw a man crawling from the burning car. Ribeschlaeger had a view of the driver's side of the car, but did not see anyone else leave the car or run from the area. He testified that it was not possible for anyone else to leave the car while it was engulfed in flames. Ribeschlaeger was not able to identify the appellant in court.

A third witness, Jerry Erwin, testified that he saw the accident from 75 -100 yards away and that the car caught fire almost immediately on the driver's front side. He approached the car from the driver's side and did not see anyone emerge from the driver's

2

side of the car. He testified that "before the cops got there, we seen [sic] somebody roll out of the vehicle on the passenger's side right near the water." Erwin was not able to identify the appellant in court.

When Corpus Christi police officer Manuel Dominguez arrived at the scene, he saw the burning car, which he identified as a Nissan Sentra, on some rocks near the water. An injured man, whom he identified as appellant in court, was on the ground near the burning car. While at the scene, Officer Dominguez noticed that appellant had an "odor of alcohol coming from his breath." Appellant told Officer Dominguez that his girlfriend and child were in the car with him. Later, however, appellant told Officer Dominguez that his friend had been with him in the car and fled the scene after the collision. When the flames were extinguished, Officer Dominguez looked inside the Nissan, but did not see anyone inside of it.

Officer Anthony Sanders testified that he contacted appellant's girlfriend who told him that neither she nor her daughter were in the Nissan with appellant that night. On cross-examination, defense counsel asked Officer Sanders, "But is it safe to say that this man [appellant] was in excruciating pain from what you could see?" To this he answered, "He had some pretty good injuries on his--I believe, his wrists." After Officer Sanders said this, defense counsel said, "Legs?" Officer Sanders stated, "I think on his legs also. And I was maybe thinking the wrists because, you know, when you're driving the vehicle and you have an accident, it will break your wrists."

After the collision, appellant was taken to Spohn Memorial Hospital. When the prosecutor asked Albert Soliz, a technician who worked at this hospital on the date of the accident, "Do you remember drawing blood on this particular night on March 28, 2008?", he said, "No." Soliz testified he was "relying on the lab trail," which indicated he was the

person who drew the blood. Mark Guerra, the manager of lab services at Spohn Memorial Hospital, testified that State's exhibit 2[1] was the lab report that included an ethyl alcohol report as well as a urinalysis result. He testified that appellant's blood-alcohol level was ".227 grams per 100 milliliters." When the prosecutor asked Guerra, "And do you know what time these results were done?", he said, "11:55 at night."

## B. Defense Evidence

Appellant's girlfriend, Tammy Rosett, testified that about 6 o'clock p.m. on March 28, 2008, appellant was hosting a barbecue at his home and had a Nissan with a "For Sale" sign on it, sitting in his driveway. Rosette and appellant's friend, Leslie O'Donnell, were the only attendees at the barbecue. Rosett testified that appellant was drinking beer and eating barbeque that evening. During the barbecue, an unidentified man asked appellant if he could test drive the Nissan. Appellant told O'Donnell that he would "be right back." Rosett and O'Donnell saw appellant and the unidentified man leave together in the Nissan. According to O'Donnell's testimony, the unidentified man was driving the Nissan.

## II. DISCUSSION

## A. Sufficiency of the Evidence

In issue one, appellant contends the evidence was legally and factually insufficient to support his conviction. Specifically, he argues that the evidence to support his operation of the Nissan at the time of the collision was speculative.

### 1. Standards of Review

"'In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine

---

[1]State's exhibit 2 was introduced into evidence without objection.

whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt.'" *Roberts v. State*, 273 S.W.3d 322, 326 (Tex. Crim. App. 2008) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In a factual-sufficiency review, the only question to be answered is: "Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008).

Evidence can be deemed factually insufficient in two ways: (1) "the evidence supporting the conviction is 'too weak' to support the fact finder's verdict;" or (2) "considering conflicting evidence, the fact finder's verdict is 'against the great weight and preponderance of the evidence.'" *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009) (quoting *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006)). When a court of appeals conducts a factual-sufficiency review, it must defer to the jury's findings. *Id*. The court of criminal appeals has "set out three 'basic ground rules' implementing this standard." *Id*. (quoting *Watson*, 204 S.W.3d at 414). First, the appellate court must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict. *Id*. Second, the appellate court "may only find the evidence factually insufficient when necessary to 'prevent manifest injustice.'" *Id*. (quoting *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)). Third, the appellate court must explain why the evidence is too weak to support the verdict or why the conflicting evidence greatly weighs against the verdict. *Id*. Although the verdict is afforded less deference during a factual-sufficiency review, an appellate court is not free to "override the verdict simply because it disagrees with it." *Id*.

Our review of a legal and factual sufficiency challenge should be examined under the principles of review for a hypothetically correct jury charge. *Grotti*, 273 S.W.3d at 280-81. "'Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

**2. Applicable Law**

Under the Texas Penal Code, "[a] person commits an offense if the person is intoxicated while *operating a motor vehicle* in a public place." TEX. PENAL CODE ANN. § 49.04(a) (emphasis added); *Hartman v. State*, 198 S.W.3d 829, 834 (Tex. App.–Corpus Christi 2006, pet. dism'd). The Court of Criminal Appeals has stated that when deciding whether a defendant was the operator of a vehicle, "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).

Here, a rational jury could have determined the following from the evidence: (1) about 10:45 p.m. on the date in question, a car traveling at a high rate of speed left the roadway and burst into flames; (2) the lighting around the accident scene was "pretty good"; (3) Ribeschlaeger saw a man crawling from the burning car and did not see anyone else leave the vehicle or run from the area; (4) Officer Dominguez saw an injured man, whom he identified as appellant, on the ground near the burning Nissan; (5) appellant provided inconsistent statements to Officer Dominguez about who was in the car with him at the time of the crash; (6) when the Nissan stopped burning, Officer Dominguez looked

6

inside of it and saw no other occupants; and (7) no other person besides appellant was seen at the accident scene.

Controverting evidence showed that: (1) appellant and an unidentified man left appellant's house to test drive the Nissan prior to the accident; (2) the unidentified man drove the Nissan from appellant's house; (3) no one saw appellant driving the Nissan prior to the accident; (4) no one saw appellant exit the Nissan's driver's side door after the accident; (5) no one testified with respect to how many people were inside the Nissan prior to the accident; (6) no physical evidence showed that appellant was driving the Nissan prior to impact; and (7) appellant made no admissions that he was driving the Nissan prior to impact.

In this case, the totality of the circumstances demonstrate that the evidence was sufficient to support the jury's determination that the appellant operated the vehicle in question. His operation of the vehicle is consistent with his injuries and the testimony from the witnesses at the accident scene. His contradictory statements made to the police regarding who was with him in the vehicle at the time of the accident are a circumstance of guilt. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (stating that "inconsistent statements, . . . are probative of wrongful conduct and are also circumstances of guilt."). The jury was entitled to disbelieve Rosett's and O'Donnell's testimony that appellant and the unidentified man left appellant's house to test drive the Nissan. *See Lafoon v. State*, 543 S.W.2d 617, 620 (Tex. Crim. App. 1976); *see also Roy v. State*, 997 S.W.2d 863, 868 (Tex. App.–Fort Worth 1999, pet. ref'd).

Viewing the evidence in the light most favorable to the verdict, it was legally sufficient for a rational jury to find beyond a reasonable doubt that appellant was driving the Nissan at the time of the accident. Viewing all of the evidence in a neutral light, we also conclude

7

that the evidence supporting a finding that appellant was driving the Nissan at the time of the accident is not so weak that the jury's determination is clearly wrong and manifestly unjust, or that the verdict is against the great weight and preponderance of the evidence. *See Zavala v. State*, 89 S.W.3d 134, 140 (Tex. App.–Corpus Christi 2002, no pet.); *Green v. State*, 640 S.W.2d 645, 648 (Tex. App.–Houston [14th Dist.] 1982, no pet.). Issue one is overruled.

**B. Ineffective Assistance of Trial Counsel**.

In issue two, appellant contends that trial counsel rendered ineffective assistance by failing to object to medical records on the ground that the State failed to prove a chain of custody to support admission of the results of appellant's blood test.

**1. Standard of Review**

A party complaining of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to establish that counsel's performance was deficient, an appellant must prove, by a preponderance of the evidence, that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Id*. at 687; *Hernandez v. State*, 726 S.W.2d 53, 78 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether an appellant has met the two-pronged test is judged by the totality of representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. The appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App.

1984)).  Our review of counsel's representation is highly deferential in that we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell outside the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.  The right to "reasonably effective assistance of counsel" does not guarantee one's right to errorless counsel or counsel whose competency is judged by perfect hindsight.  *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).  Moreover, the acts or omissions that form the basis of an appellant's claim must be supported by the record.  *Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851.  Without any explanation of trial counsel's actions in the record, courts should not  find trial counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."  *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *see Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

**2. Analysis**

Appellant's ineffective-assistance claim rests primarily on trial counsel's failure to object to the admission of his medical records during the guilt-innocence phase.  He argues that by failing to object to the medical records, when the State allegedly failed to prove the chain of custody, trial counsel did not preserve error regarding the improper admission of this evidence, causing prejudice.  However, it can be inferred that even if trial counsel challenged evidence or testimony at trial, when the State clearly could have provided an expert to give further credence to the evidence in question, it would not render counsel ineffective. *See Easley v. State*, 978 S.W.2d 244, 251 (Tex. App.–Texarkana 1998, pet. ref'd) (on rebuttal, the State is entitled to present any evidence that tends to refute a defensive theory and evidence introduced to support that theory).The record

before us is silent as to the reasons why appellant's counsel did not object to the admission of certain evidence. Furthermore, even if the evidence of custody and care contained discrepancies, including gaps and minor theoretical breaches, such discrepancies go to the weight of the evidence and not its admissibility. *See Medellin v. State*, 617 S.W.2d 229, 232 (Tex. Crim. App. 1981); *see also Atkins v. State*, 515 S.W.2d 904, 906 (Tex. Crim. App. 1974). Here, trial counsel's failure to object to the admission of certain evidence cannot be considered "so outrageous" that a competent attorney would have done otherwise. *See Goodspeed*, 187 S.W.3d at 392. Consequently, appellant has not proven by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness as outlined in the first prong of *Strickland*, and therefore we need not consider prong two of the standard. *See Strickland*, 466 U.S. at 687. Issue two is overruled.

## C. Witness Testimony

In issue three, appellant contends that the trial court abused its discretion in admitting lay opinion testimony concerning whether anyone else could have exited the Nissan, other than appellant. Specifically, appellant argues that the trial court erred when it overruled trial counsel's objections to lay opinion testimony made on the basis of speculation.

### 1. Standard of Review & Applicable Law

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we should not reverse a trial court's ruling unless it falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); *see also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Rule of evidence 701 states that a non-expert "witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." TEX. R. EVID. 701. Additionally, Rule of evidence 602, states that witnesses "may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." TEX. R. EVID. 602.

### 2. Analysis

Whether a witness's opinion meets the fundamental requirements of the rule is within the trial court's discretion, and a decision regarding admissibility should be overturned only if the court abuses its discretion. *Fairow v. State*, 943 S.W.2d 895, 901 (Tex. Crim. App. 1997). A witness's opinion will satisfy the personal knowledge requirement if it is an interpretation of the witness's objective perception of events. *Id.* at 899 (citing *Doyle v. State*, 875 S.W.2d 21, 23 (Tex. App.–Tyler 1994, no pet.)). Further, if the record supports the trial court's decision to admit or exclude an opinion under rule 701, there is no abuse, and the appellate court must defer to that decision. *See Osbourn v. State*, 92 S.W.3d 531 (Tex. Crim. App. 2002); *Powell v. State*, 63 S.W.3d 435 (Tex. Crim. App. 2001). With the foregoing in mind, we are to determine whether the trial court erred in allowing opinions from two witnesses with respect to whether a second occupant could have been in the Nissan and exited without being seen. Appellant argues that such testimony was an impermissible speculative lay witness opinion. Taking into account that the witnesses were the only people present for the accident, other than the appellant, their rationally based perceptions would put them in the best position to judge how likely the presence or non-presence of a second occupant would be. Furthermore, such opinions

11

were based on the witness' personal knowledge of the matter, including details of the fire being on the driver's side of the Nissan, and other such factors which together formed the basis of their objective perceptions of events and lay opinion testimony. Considering that the record also reveals other sources of evidence that indicate that appellant was the sole occupant in the Nissan, we cannot conclude that the admission of lay opinion testimony was comprised of the witness's speculative opinions but goes instead to their rationally based perceptions of the event, which provide a clear understanding of the facts in issue. Issue three is overruled.

## III. Conclusion

We affirm the judgment of the trial court.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed
the 15th day of July, 2010.